RUTH KRAKOWSKI, Respondent, v. WHITE SULPHUR SPRINGS, INC., Appellant.

First Department, November 3, 1916.

Process — service of summons upon foreign corporation — foreign hotel corporation — when not doing business here — service upon treasurer.

A foreign corporation organized to conduct a hotel in a foreign State is not engaged in doing business in this State merely because it advertises its business here, and, hence, service of summons in this State upon the treasurer of the corporation will be set aside where he is not engaged in any business of the corporation here, but is acting as treasurer of a railroad corporation which owns the stock of the hotel company.

APPEAL by the defendant, White Sulphur Springs, Inc., from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 22d day of September, 1916, denying its motion to vacate the service of the summons herein.

G. H. Dorr, for the appellant.

Jacob Bernstein, for the respondent.

SMITH, J.:

The White Sulphur Springs, Inc., is a corporation organized under the laws of the State of Virginia and conducting a hotel business at White Sulphur Springs, in the State of West Virginia. The stock in that corporation is owned by the Chesapeake and Ohio Railroad Company. The treasurer of the Chesapeake and Ohio Railroad Company, located in New York city, is also the treasurer of the White Sulphur Springs, Inc. Summons was served upon him in New York city. There is no claim that he does any business as treasurer in New York city for the White Sulphur Springs, Inc. The claim of the plaintiff, however, in sustaining the service of this summons is that the corporation is doing business in this State because it has an agent by the name of Sterry, who has an office in the Plaza Hotel for the convenience of persons who desire to secure accommodations at the White Sulphur Springs and for the pur-

pose of advertising the place. It is claimed, therefore, that the defendant company is doing business in this State, and because it is doing business in this State, although the treasurer is in the State on business entirely apart from the business of that corporation, he may be served under subdivision 1 of section 432 of the Code of Civil Procedure.

The first question that arises is whether the defendant is doing business in this State. The primary business of the defendant is to own and operate hotel and health resorts at White Sulphur Springs in the State of West Virginia. It is contended that part of the business of the corporation is to advertise and get custom. If so, it would seem to follow that if it advertises in the newspapers within this State it is doing business in this State. The business of advertising and getting custom, however, is a mere incident to the operation of a hotel and health resort, and is not a substantive part of the primary business for which the defendant was incorporated, so that, in my judgment, the defendant is not doing business within this State, and the service upon an officer of the company who is within the State not engaged in the business of the corporation is not due service. In *Riverside Mills* v. *Menefee* (237 U. S. 189, 192) it was held that the State could not thus acquire jurisdiction of a foreign corporation not doing business in the State, and this rule seems to have been recognized in the latest decision of the Court of Appeals in *Bagdon* v. *Philadelphia & Reading C. & I. Co.* (217 N. Y. 432, 438).

The order should, therefore, be reversed, with ten dollars costs and disbursements, and the motion to set aside the service be granted, with ten dollars costs.

CLARKE, P. J., SCOTT, DOWLING and PAGE, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.