CECILLE E. STOLLMAN, Respondent, *v.* ALLEN S. OLMSTED and Others, Defendants, Impleaded with TRIBUNE COMPANY, Appellant.

First Department, November 17, 1922.

Corporations — foreign corporations — service of summons on foreign corporation — manager of another corporation whose stockholders were same as defendant corporation not person on whom service could be made under Civil Practice Act, § 229 — affidavits do not show that person served was person on whom service could be made.

The service of the summons in this action on the defendant foreign corporation should be set aside on the ground that it was not served upon the person upon whom service of a summons could be made under the provisions of section 229 of the Civil Practice Act, as it appears that the person on whom the summons was served was not an officer of the defendant corporation, nor was he a director, managing agent or cashier thereof, though he had from time to time performed special services for the defendant corporation, but was general manager of another corporation, whose stockholders were the same as those of the defendant corporation.

The affidavits in behalf of the plaintiff were to the effect that diligent efforts had been made to serve the summons on an officer of the defendant corporation, but that service could not be made; that a telephone operator in defendant's office stated that the person on whom service was made was the eastern executive of the defendant and that he might accept service; that the secretary of the person on whom service was made also stated that he might accept service; that said person's name appeared on the door of defendant's office in New York, and that the person on whom service was made did not deny that he was the eastern executive of the defendant corporation but merely stated that he was not authorized to accept service.

DOWLING and FINCH, JJ., dissent.

APPEAL by the defendant, Tribune Company, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 19th day of July, 1922, denying said defendant's motion to set aside the service of the summons made upon it.

*Macdonald DeWitt* [*Harry H. Van Aken* of counsel], for the appellant.

*Bobbe & Brown* [*Sidney S. Bobbe* of counsel], for the respondent.

MERRELL, J.:

The motion was made upon the grounds, *first,* that the defendant was a foreign corporation and was not doing business within the State at the time of the attempted service, and that such service was not authorized by law; and, *second,* that the person served was not one of the persons mentioned in section 229 of the Civil Practice Act upon whom service could be made. The learned court at

Special Term denied defendant's motion to vacate the service of the summons, upon the grounds, as stated in the opinion of the court, that the defendant was conducting a course of business which subjected it to the jurisdiction of the courts of this State, and was properly served.

The action was brought to recover damages for the publication within the State of New York of the photograph of the plaintiff for the purpose of advertising a medical preparation known as "Allen's Foot Ease," without the knowledge or consent of the plaintiff. It is the contention of the plaintiff that the defendant, appellant, Tribune Company, furnished a reproduction of plaintiff's photograph to the Dauchy Company, also named as a defendant, and which is an advertising agency representing another defendant, one Allen S. Olmstead; and that still another defendant, Press Publishing Company, the publisher of the New York *World*, published said photograph as advertising matter. The defendant Tribune Company moved to set aside the service of the summons upon the claim that such activities as it was engaged in within the State of New York did not constitute doing business here to such an extent as to submit said defendant, appellant, to the jurisdiction of our courts. As further ground for its motion, the defendant, appellant, urges that the person served with the summons was not at the time an officer or managing agent of the said defendant, or a person upon whom service of the summons could be made under the provisions of section 229 of the Civil Practice Act.

I think the court at Special Term, upon the affidavits presented, correctly held that the defendant, appellant, at the time of the attempted service of said summons, was doing business within the State of New York to an extent making it amenable to the process of our courts. The moving affidavits conclusively show that for some time prior to such attempted service the defendant maintained an office at No. 512 Fifth avenue, in the borough of Manhattan, city of New York, for the purpose of soliciting from concerns located in the so-called eastern district orders for the insertion of advertising matter in the Chicago *Tribune*, a newspaper published at the city of Chicago by said defendant, appellant. The eastern district, so called, comprised all that part of the United States east of the city of Buffalo, N. Y. At the office of the defendant, 512 Fifth avenue, New York city, said defendant maintains an advertising manager with eight advertising salesmen, who are engaged in soliciting orders for advertising, and also a clerical force, consisting of a bookkeeper, two stenographers, a telephone operator, and an office boy. It also appears from the affidavit of the attorney for the plaintiff that said New York office of the defendant is listed

in the New York telephone directory in two places, first as " Chicago Tribune," and also as " Chicago Tribune, Eastern Office." It also appears that said defendant has an office known as Chicago Tribune Newspaper Syndicate at No. 25 Park Place, New York city, and a news bureau located in the Times Building Annex on West Forty-third street in the city of New York. While it is true that the affidavits in support of defendant's application seek to minimize the amount or importance of the business transacted in the city of New York by the defendant, it, nevertheless, I think, satisfactorily appears therefrom that the defendant, within the authorities, was, at the time of the attempted service of such summons, doing business in the city and State of New York. (*Cochran Box & Mfg. Co., Inc.,* v. *Monroe Binder Board Co.,* 197 App. Div. 221; affd., 232 N. Y. 503; *Tauza* v. *Susquehanna Coal Co.,* 220 id. 259.)

A more serious question is presented by the contention of the defendant, appellant, that service was not made upon an officer or a managing agent of the defendant. Service of the summons was, in fact, made upon one William H. Field at the office and place of business of the News Syndicate Co., Inc., a corporation organized and existing under the laws of the State of New York, which publishes the newspapers known as the *Daily News* and *Sunday News* at No. 25 Park place, borough of Manhattan, in the city of New York. Field, in an affidavit in support of defendant's application, states that he was the general manager of the News Syndicate, and that service was made upon him at 25 Park place, New York city, on May 11, 1922. Field further makes affidavit that he was not an officer of the defendant nor did he perform any of the functions corresponding to any officer of the said defendant. Field, however, did state in his affidavit that the stockholders of the defendant corporation were the same persons owning the capital stock of the News Syndicate Co., Inc., of which he was general manager. Field further swears in his affidavit that the only work he had done for the defendant was in the performance of certain special tasks from time to time assigned to him by the defendant corporation, such as going to Canada in the defendant's interest to look after the supply of woodpulp for the paper mill in Ontario, where white paper for defendant's newspaper is manufactured, conferring with newspaper publishers in New York on special matters, such as strikes, paper supply, labor conditions, etc., when occasion arises, and acting for the defendant when specially assigned to do so in similar, unusual and extraordinary situations. It also appears from the affidavit of said Field and from the affidavit of Chalmers M. Pancoast that the latter, for a number of years prior to the attempted service of said summons, had been advertising

manager in the eastern district for the Chicago *Tribune* published by the defendant, and that said Pancoast was in charge of the office of the defendant at No. 512 Fifth avenue, in the borough of Manhattan, New York city.

The service of the summons herein was made upon said Field by one Sidney S. Bobbe, one of the attorneys for the plaintiff, and in support of such service Bobbe makes affidavit that, before the service of the summons and complaint herein, he used due diligence to find one of the officers of the defendant specified in subdivision 1 of section 229 of the Civil Practice Act within the State of New York; that no person was designated by the defendant for the purpose as specified by section 16 of the General Corporation Law. Bobbe further makes affidavit that on two separate occasions within the month prior to the service of said summons and complaint, he telephoned the office of the defendant located at 512 Fifth avenue, New York city, and inquired if any officer or director of the company was in town or expected in town, and was informed by the telephone operator that none could be found within the State; and that it was only on occasions that any officer or director came within the State; and that it was impossible for her to say when they come here; that deponent then asked said operator for the name of the person who could accept service for the corporation of any legal paper; and that she stated that she did not know, but that perhaps Mr. Field, the eastern executive, could accept service; that she thereupon connected deponent with a person who she said was Mr. Field's secretary; and that deponent spoke with this person on the telephone, and that he stated to deponent that he thought Mr. Field could accept service. Of course, such affidavit really proves nothing. Neither the name of the telephone operator nor that of the secretary is given, nor does it appear that either had any authority to bind the defendant. Bobbe further avers in his affidavit that he subsequently visited the defendant's New York office, and that the name, " Chicago Tribune," appeared on the signboard in the hall, as well as the name, " W. H. Field," and that both had the same room number; that on the door of the office appeared in large letters the words, " Chicago Tribune, Eastern Office." Bobbe further makes affidavit that he then and there inquired if an officer of the defendant was present in New York, and was informed there was not; and that, when he asked for Mr. Field, the telephone operator informed him that Mr. Field was not present at that time; that he spent all his afternoons at the downtown office and all his mornings at that office uptown; that a few days later, on May 11, 1922, Bobbe went to the office of the *Daily News* at 25 Park place, and inquired for Mr. Field and

was introduced to him by his secretary; and that he then notified Field that he had a summons for the Chicago *Tribune;* that Field stated that he was not authorized to accept service; and that deponent then stated that he understood that Field was not an officer or director of the company, but that since there were no officers or directors in the State, and since Mr. Field was the eastern executive of the company, he, deponent, believed that he was the person upon whom service could be made as a managing agent; that Field did not demur to that statement, but merely stated that he was not authorized to accept service, and that he would not accept service; that thereupon Bobbe left the summons on Field's desk, stating to him that he should turn it over to an officer or the counsel of the company. The affidavit of Bobbe then details apparent relations between the defendant and the News Syndicate Co., Inc., of which Field was the business manager, in an effort to show that Field was a managing agent of the defendant in the State of New York.

I am of the opinion that under the most favorable interpretation of the proofs presented upon this application the plaintiff has failed to show that Field was at the time of the service of said summons a person upon whom service could be made under the provisions of the Civil Practice Act. He was not one of the officers specified in the statute upon whom service could be made, and, so far as the proofs show, he was neither a cashier, a director, nor a managing agent of the defendant within the State. A mere expression of an opinion by an unnamed telephone girl or secretary of the person served, that said person could accept service of the summons, avails the plaintiff nothing. Field, under the proofs offered, had no authority whatever to bind the defendant. He could not make contracts, nor was he authorized to receive or pay out money in behalf of the defendant. The fact that he was the business manager of another corporation whose capital stock was held by the stockholders of the defendant corporation was insufficient to make him a managing agent of the defendant. He was not held out by the defendant as a business manager or even as an employee. His failure to deny the assertion of the person serving the summons that he was the eastern executive of the company, was of insufficient probative force to establish the truth of such assertion. We think, under the proofs presented upon the application, the court should have granted the defendant's motion to vacate the service of the summons upon the defendant, appellant.

The order appealed from should be reversed, with ten dollars costs and disbursements, and defendant's motion granted, with ten dollars costs.

PAGE, J., concurs; CLARKE, P. J., concurs upon the second ground stated in the opinion of Mr. Justice MERRELL; DOWLING and FINCH, JJ., dissent.

Order reversed, with ten dollars costs and disbursements and motion granted, with ten dollars costs.