HEER & CO., LTD., Plaintiff, *v.* ROSE BROS. COMPANY, Defendant.

Supreme Court, New York Special Term, April, 1923.

**Corporations — foreign corporations — maintenance of local office and representative in New York city — when service of summons on local representative good service on corporation.**

Whether a foreign corporation is or is not doing business in this state sufficient to give our courts jurisdiction of a cause of action against it or make it subject to service of our process in this state must be determined upon full consideration of the particular facts of each case.

That the corporation has no bank account here and that outside of samples of the articles manufactured by it at the home of its incorporation, it has little or no property here, does not require a finding that defendant is not conducting business within this state.

When the defendant was incorporated in another state it took over a business which for many years had been conducted by the same interests as a copartnership in the city of New York under the name of " Rose Brothers & Co."   The vital part of the business of defendant is the selling of articles of its own manufacture to retailers and jobbers throughout the United States through salesmen. The central market, where from time to time the buyers come, is New York city.   The bills for the rent of the New York office of defendant are rendered to and paid, in the first instance, by it.   By the trade and especially by the local trade said New York office is regarded as its local office and H. as its chief representative.   *Held,* that in an action against the defendant the service of the summons upon H. as " managing agent " was good and a motion to set aside such service both on the ground that defendant was not conducting business within this state and upon the further ground that H. was not defendant's " managing agent," will be denied.

MOTION to set aside the service of the summons herein.

*Thomas F. McGuire* and *Samuel J. Goldberg,* for plaintiff.

*Crawford & Harris,* for defendant.

GAVEGAN, J.   This is an application to vacate and set aside the service of a summons on the ground that defendant, a foreign cor-

poration, is not conducting business within the state of New York, and on the ground that the person served here, one E. A. Hill, was not, as plaintiff contends, a " managing agent " of defendant. On both grounds a referee, before whom testimony was taken, has reported against the validity of the service.

Defendant manufactures umbrellas and other articles, its factory being at Lancaster, Penn. It sells directly to retailers and jobbers throughout the United States, through salesmen, some of whom work from certain headquarters or centers, of which New York city is one, and through " roadmen," who travel to various parts of the United States The sales are not made to Hill or defendant's other salesmen or roadmen, who are its employees and not independent dealers. It does not sell to them but they work for it at all times.

When it was incorporated, in 1919, defendant took over the business which, for a long period of years, had been conducted by the same interests as a copartnership under the name of Rose Brothers & Co. To put it in colloquial language, the existing business was " incorporated." The corporate name, as stated in the certificate of incorporation, is " Rose Bros. Company; " but defendant's stationery bears the name " Rose Brothers Co."

Plaintiff contends that defendant is conducting business at and from 1134 Broadway, borough of Manhattan, in a building which is also known as No. 212 Fifth avenue, and referred to by both numbers on stationery which seems to be defendant's.

A sign on the outside of the building, near the street, reads " Rose Bros. & Co."— " Umbrellas." The outer door of an upstairs office bear the following lettering: " Rose Bros. Co., Umbrellas and Parasols, Factory, Lancaster, Pa., E. A. Hill, Manager." Entering that way we find on a door inside the office the lettering " Receiving and Shipping " and Hill's name on another inside door. For the purpose of display to passers-by in the street, an umbrella is sketched in gilt on one of the office windows, together with the word " Rose."

The office has been substantially the same since it was transferred, in 1914, to No. 1134 Broadway from No. 349 Broadway, where it had been located for many years.

The lease is in defendant's name and the bills for the rent, which amounts to $2,750 a year, are rendered to and paid, in the first instance, by it. In the telephone directory is found a listing for defendant at said office, the contract remaining in the old firm name.

It appears to be undisputed that all defendant's employees who use the office have free access to the telephone for business calls, excepting that defendant asserts the service is ultimately paid for

by Hill. In like manner, according to defendant, the business stationery, ostensibly defendant's, is also provided for all.

At said place defendant maintains a line of samples, which are regularly replenished, the old samples being sold there. The samples include a great variety of items, the possible combinations, to make up umbrellas and other merchandise, running into many hundreds in number. Some " stock," or merchandise for sale, has also been kept there at different times.

This office is the headquarters of Hill and of at least two other salesmen. It is used as well by the " roadmen " when they are in New York. The buyers, who come twice a year from all over the United States, are invited there, for the purpose of showing them samples, discussing their wants and securing their orders. At other times the office is used for the same purpose by the salesmen referred to, who travel in New York and to nearby points.

It also serves the convenience of defendant's local trade, for communicating with its employees, straightening out business matters at times and returning merchandise, for credit or to be repaired. Sometimes the repairs, which are made at the factory in Pennsylvania, are paid for and sometimes they are to make damaged goods satisfactory to the buyers. This repair feature is continuous and the New York end of it is in Hill's charge.

Stationery used in and sent out from the office at No. 1134 Broadway displays the words " New York Salesrooms " and " E. A. Hill, Manager." Another exhibit is a record-keeping slip, across the top of which is printed " New York Office Credits."

There are in evidence letters sent from the factory at various times, addressed in part, " New York Office " and " c/o Rose Bros. Co., New York, N. Y.," and the place has been referred to as " our N. Y. office " in letters originating at the factory. Apparently the letters so addressed and containing such references, were written by those at the head of the business which is now the corporation's. Bills for minor sales are sometimes made up at and sent out from No. 1134 Broadway, New York city.

Defendant contends that it is not its office but that of Hill. He and defendant assert that he is paid on a commission basis; that all the expenses of the New York office paid by defendant are charged against his account, it being said that he pays an office boy whom he employs. Defendant's representatives also say that Hill is compensated for the use of the office by its other employees, receiving therefor a part of the commissions earned by other salesmen when he takes orders from their customers at the New York office, though there is much dispute as to that.

Thus defendant would have it appear that the New York place

of business is maintained by Hill and not by it; and that its business is not conducted there.    In this and the conclusions of the referee I am unable to agree.

Too much has been concluded from the absence of certain indicia which are often referred to in discussions on this subject.    It is pointed out that defendant maintains no bank account here; and that, outside of the samples, it has little or no property here, though much of the equipment and fixtures in the office was not provided by Hill, having partly descended, together with the office then maintained at another address, from his predecessor, and though the fixtures and samples are insured in its name by policies it keeps at Lancaster.    Defendant also points out that he has no assistants paid by defendant, the salesmen or " roadmen " not being considered his assistants, defendant's position being that each one is independently soliciting business for it.    On the absence of these and other elements defendant relies.

But the determination of whether a foreign corporation is or is not doing business, sufficient to give our courts jurisdiction of a cause of action against it or to make it subject to service of our process in this state, must be decided on the peculiar facts of each case after a complete view of the entire situation.    It cannot be concluded in every case that the absence of stated signs or indicia, such as those mentioned, require a finding that it is not so conducting business within the state.

The vital part of defendant's business is selling.    The record here shows that the central market where the buyers come, from time to time, is New York city, the borough of Manhattan. Defendant contends that it has but one place of business in the United States, though letterheads regularly used by it indicate several places, including New York city.    It is true that it makes sales by sending its salesmen throughout the country; but it is also true that there is one central place to which the buyers resort in season, and where defendant needs to be with its samples and salesmen.    That place is here.

At all times defendant has several employees referred to as " salesmen " working from said office as a base, these men seldom, if ever, finding it necessary in the usual run of business to make trips to defendant's factory in Pennsylvania.    At seasonal times many of its salesmen or roadmen, though their regular territory is distant and remote, may be found here at said office to meet and sell to the buyers representing the trade from such distant and remote parts.

It is thus seen that this office is really an active center of the life-giving part of defendant's business.    In an essential sense its

manufacturing is subordinate to the selling of its products, for presumably it will manufacture only what it can sell   By the trade, and especially by the local trade, this office is regarded as defendant's local office and Hill its chief local representative.

When he went with the partnership many years ago, at 349 Broadway, he found there the same situation, in relation to the firm, as exists to-day at No. 1134 Broadway, in relation to defendant.   The business was there when he came.   He did not have the office and a business, merely taking on the partnership's trade as an additional line.   He found the partners' representative at the place of business and it was conducted very much the same as it is now, his predecessor being in charge, and he continued along the same lines.   Succeeding such predecessor, he became exclusively the employee of the firm, whether he was or was not on the " profit sharing " basis, then in operation.   The fact is that, as an employee of the partners, he succeeded to the situation as it existed, and had for many years existed in the old office, whence the New York business of the partnership was conducted.   What he thus succeeded to he has conducted and still conducts at the new office, that which is exclusively defendant's business.   Though we may accept the assertions that he picked out and arranged for the present place of business; and that the sign indicating he is the " manager " originated with him, and without permission from his employers, it is nevertheless true that, substantially, the same conditions have existed since he first went with the firm, and had existed for many years before.   It appears then that neither the partnership nor defendant came to Hill.   Hill came to the New York place of business, leaving a competing concern.

Defendant asserts that the expenses of the New York office are borne by Hill and not by it.   But if they are charged against Hill's account it does not follow that defendant's business is not conducted there.   The fact remains that Hill, ever since he went with the partnership, has worked exclusively for the firm or for defendant, after the corporation took over the business.   Whether the payments to him be regarded as a drawing account, the other expenses being charged against the balance of commissions, or whether he be paid a salary, the business is defendant's.   Hill's net compensation has been sufficient, during the many years he has been exclusively employed by the firm or by defendant, to continue him in such employment.   In one form or another defendant compensates him and maintains the office besides.   Bookkeeping methods and nomenclature do not hide that fact, and we must not allow form to blind us to substance.

To say that because defendant has no bank account here, or

because it charges the expenses of the office to Hill, or because other signs, discussed in reported cases, are not found, it must be declared that defendant is not conducting business in the state of New York would be to disregard the actual facts.    It is certain that there is continually transacted at and from said " New York Salesrooms " a large volume of defendant's business.    I cannot take any view but that a " substantial part of its main business " is conducted here.    *Holzer* v. *Dodge Brothers,* 233 N. Y. 216, 221.

The question is not whether certain indicia are absent.    Their absence does not inhibit a finding from positive evidence that defendant is conducting business in this state on a very considerable scale.    Because we do not see the signs which we seek, we may not disregard what is evident.    There would be no difference of substance if such signs were present, if concededly, defendant authorized or ratified the lettering on the door, if it paid Hill a salary and paid the expenses of the office without charging them against him, or if it had more property or a bank account here. The business defendant seeks and obtains here and its method of doing business here would not be different.    What defendant does in this state is not, as defendant would have it, the " mere solicitation " referred to in some of the cases.    The fact is that a large volume of business vital to defendant is systematically conducted by it here, at what is the central market in its main line.    Shipments are continually made to fill orders obtained in New York city by salesmen who remain here and by others who center at New York city in season.

This constantly goes on at a local office where there are several, and often many, persons working, where no business but defendant's is conducted, at an office maintained out of the proceeds of the business, which office is considered, in the trade, to be defendant's and is headed by Hill, who is regarded as defendant's local man, as he truly is, and which office defendant and its predecessor, the firm, have permitted to be held out, for many years, as being the New York salesroom and headquarters, and as being in charge of Hill, whose sole employment and all of whose activities are defendant's.

New York is a Mecca for the buyers in the trade and here, and at said office, defendant's representatives meet them.    Everything done there affects it.    The office is maintained here to meet conditions in the trade, conditions which are due to this being the country's most important trade center, to serve the local dealers, and to obtain all the business here it is possible to obtain both from local jobbers and retailers and from buyers representing houses all over the United States.    To that end defendant has its various

employees use it and the facilities there afforded to them. It employs men and has them operate there.

Defendant seems to contend that an agent cannot have sufficient discretion to be a " managing agent," for the purpose of service of process, unless his employment requires him to make contracts for the corporation, to be served, or unless he has authority to do so. It cites the case of *Holzer* v. *Dodge Brothers, supra,* but no such rule is there stated. The case cites with approval *Tauza* v. *Susquehanna Coal Co.,* 220 N. Y. 259, where that element did not appear, judging from the opinion in the Court of Appeals. The question is not to be determined in all cases by determining that one simple fact. It must be answered in view of the business conducted in this state and of the relationship of the agent to such business and to defendant.

The argument for defendant based on what is said in *Taylor* v. *G. S. P. Association,* 136 N. Y. 343, loses sight of the facts of that case. The person served there was an attorney named Townsend, whose sole connection with the defendant arose out of a retainer to conduct an action for it. The language relied on by defendant here, which language has been so often quoted, can, in view of the facts of that case, be regarded as an intimation that, though Townsend's functions were meagre, he might nevertheless have been found to be a managing agent if he had been vested with discretion such as is referred to in the opinion.

On the present application the corporation's view of its own agent's position is illuminative. It is also but fair to conclude that it takes the view which it has allowed the public to take for many years. Though the business conducted here may be such as not to call for the making of contracts by the person in charge of it for the foreign corporation, that person may nevertheless be a managing agent. In pointing to such discretion as a sign that the agent possessing it is a managing agent, the courts have not meant to imply that an agent of the foreign corporation, at its local place of business, may not be a " managing agent," on whom process can be served, unless he is authorized to make contracts. Such an assertion would often be contrary to fact, where the business conducted here requires no such functions, as is most frequently the case.

The object sought by the statute is attained not by an authority to make contracts, but by service on a person whose relation to defendant is such as to give assurance that the process served will be duly transmitted to the foreign corporation.

Defendant's business is conducted at and from the office and salesroom here, where Hill is the head; for defendant insists that it is his office and not defendant's. It is to him that the other

employees must naturally turn when matters come up for consultation and advice. Hill it is whom defendant allows to be held out as the " manager " in this, the principal market. He has been exclusively employed for some fifteen years by defendant or the partnership. He is defendant's employee and agent. Defendant cannot at the same time assert the office is his and that he is not in principal charge of it and of what goes on there, exclusively defendant's business. In attempting to cover up the fact that its business is being constantly negotiated and conducted there, defendant has substantially established that Hill runs the local office. As it is defendant's business which is conducted there, it follows from defendant's position that Hill is the person at the head of it. The partners had the business before Hill came and they put Hill in charge of it. The same relation with him has continued. Everything happening, at the New York office, of interest to defendant, will be transmitted to defendant if it reaches Hill. His position is " such as to lead to a just presumption that notice to " him " will be notice to the principal." *Tauza* v. *Susquehanna Coal Co., supra.*

Furthermore, defendant's position as to the facts here, when viewed from another angle, shows that Hill is in charge of the office. It asserts that its other employees who use the office compensate Hill for such use, by splitting some commissions, by helping him with the routine of the office or by taking his place there when he goes out of town. This is but a phase of its position that the office is Hill's office; for being such, according to defendant's view, no one may be there unless Hill permits it. According to that view Hill must be in charge.

Moreover, I regard as important defendant's attempt to establish that Hill's being held out as manager and other matters now conceived to be detrimental to it, such as the listing in the telephone directory, were never authorized or ratified by it. The suggestion that it did not know of facts and conditions, relating to said office and the business transacted there, which have continued for a great many years is on a par with the suggestion that the business which has been conducted here for a generation, by the firm or the corporation, is not its business. Both are repugnant to any common sense view. They are important as indicating that, were it necessary, many of the points of fact which are disputed might be resolved in plaintiff's favor.

The suggestions of the referee will be disregarded and the original motion to vacate and set aside the service of process denied. Settle order on notice.

Ordered accordingly.