EDWARD CUNNINGHAM, an Infant, by His Guardian ad Litem, HELEN CUNNINGHAM, Plaintiff, *v.* MELLIN'S FOOD COMPANY OF NORTH AMERICA, Defendant.

Supreme Court, Kings Special Term, August, 1923.

**Process — foreign corporation — when service of summons on managing agent good.**

Where the activities of a foreign corporation within this state are systematic and regular it will be held to be doing business therein.

The defendant, a Massachusetts corporation, maintains a general stock of its goods in the premises of and in the charge of a domestic corporation upon whom from time to time various New York customers of the defendant call and procure upon their written orders various lots of goods sold by defendant. *Held,* that proof that defendant's goods are not withdrawn except upon orders of third parties; that whether such orders shall be honored is determined by the domestic corporation from the credit list furnished to it by defendant; that the nature and extent of the withdrawals are unknown to defendant until report thereof is made to it by the domestic corporation, established that the domestic corporation was not acting merely as a warehouseman.

The activities of the defendant are such as to require it to be held to be doing business within this state and the service of a summons upon an officer of the domestic corporation, as managing agent of the defendant, is good, and a motion to set aside such service will be denied.

MOTION to vacate service of summons on foreign corporation.

*Thomas O'Rourke Gallagher,* for plaintiff.

*Pettigrew, Glenney & Bovard (Edward W. Thayer,* of counsel), appearing specially for defendant.

CARSWELL, J.  The defendant, a foreign corporation, appearing specially, moves to vacate the service of a summons herein.  The summons was served upon the secretary-treasurer of Independent Warehouses, Inc., a domestic corporation.  The plaintiff claims that Independent Warehouses, Inc., is a managing agent of the defendant whose activities on behalf of the defendant are of such a character as to require that the defendant be held to be doing business in this state.  To sustain the service herein and the jurisdiction of this court, it is essential that the plaintiff's claim be established.

The activities relied upon consist of a maintaining by the defendant of a general stock of its goods in the premises of and in the charge of Independent Warehouses, Inc.  From time to time various New York customers of the defendant call upon the Independent Warehouses, Inc., and procure on written orders of the customers (not of the defendant) various lots of goods sold

23

by the defendant. Whether a particular New York customer is to get that which he seeks to obtain upon his written order, is determined by Independent Warehouses, Inc., upon an examination of a credit list furnished to it by the defendant. This credit list authorizes the honoring by Independent Warehouses, Inc., on behalf of the defendant, of written orders of certain concerns whom defendant, in advance, approves as customers of the defendant because their credit is good. The Independent Warehouses, Inc., notifies defendant in Boston of the details of its delivery of goods to customers and the customers are billed directly from Boston. It is the act of Independent Warehouses, Inc., in honoring the customer's order, after determining if such a sale is authorized by the credit list approved by defendant, that passes title in and possession of the goods (present in its premises in bulk) to the local customer.

The test which determines whether a foreign corporation is or is not doing business in this state is: " Are its activities within the State casual and occasional, or are they systematic and regular. If the former, it is not, but if the latter it is doing business within the State." Carmody N. Y. Prac. § 49.

If these enumerated activities were indulged in by a natural person, he would be held to be the managing agent of the foreign corporation he represented and such a corporation would be held to be doing business within this state to a degree that would sustain the service of the summons herein. Such is the effect of the decisions in this state. This is so because the activities are clearly systematic and regular and it is the act of the managing agent instrumentality that effects the sales, accomplishes delivery, and passes title to particular specified goods drawn from bulk and all of these acts transpire within the state.

If the method adopted in these transactions is a corporate device to avoid a corresponding conclusion, it should be held to be unavailing. The artificial form of the entity which does the work that constitutes the doing of business in the state does not affect the inherent nature of the transactions which show that the defendant, as a commercial fact, *is here* in the language of *Tauza* v. *Susquehanna Coal Co.*, 220 N. Y. 259. The fact, if it is a fact, that Independent Warehouses, Inc., functions in a similar way for one or more foreign corporations, or individuals, should not affect the soundness of this conclusion because a natural person could likewise act on behalf of one or more foreign corporations by way of being managing agent and doing business for them to an extent that would sustain this court's jurisdiction over such foreign corporations in actions against them. The Independent

Warehouses, Inc., is doing more than act as a mere warehouseman. The fact that defendant's goods are not withdrawn on orders from the defendant, but on orders of third parties; the fact that whether third parties' orders shall be honored is determined by it from the credit list; and the fact that the nature and extent of the withdrawals are unknown to the defendant until report thereof is made by Independent Warehouses, Inc., to the defendant, all establish that Independent Warehouses, Inc., is doing more than merely act as a warehouseman.

The Independent Warehouses, Inc., in effect, says it is not an agent of the defendant. This fact is not to be determined by what it says it is, or by what the defendant calls it, but by what it in fact does. The characterization or title is not the significant thing, but the work done is what determines the fact (*Barrett* v. *American Tel. & Tel. Co.*, 31 N. Y. St. Repr. 465; affd., 138 N. Y. 491), and this principle is equally applicable to corporate instrumentalities. " If the persons named are true agents and if their positions are such as to lead to a just presumption that notice to them will be notice to the principals, the corporation must submit." *Tauza* v. *Susquehanna Coal Co., supra,* p. 269.

The fact that the instrumentality named is corporate and not a natural person does not alter this rule. The activities heretofore enumerated lead to a just presumption that notice to the agent would result in notice to the principal because the agent as a matter of systematic action was in constant touch with the principal in the doing of business, and moreover notice to the principal was in fact had by the service herein.

An examination of section 432, subdivision 3, of the Code of Civil Procedure and a comparison of it with its successor provision, section 229, subdivision 3, of the Civil Practice Act, reveals that the requirement that it must appear that " the corporation has property within the state or the cause of action arose therein " has been omitted from section 229. This indicates a legislative policy favorable to assuming jurisdiction within constitutional limits on behalf of the citizens of this state that the courts should not strain to hold contrary to, where the facts respecting the foreign corporation's activities come within the foregoing principles.

Accordingly, I conclude that upon the affidavits of the defendant, as well as upon the affidavits of the plaintiff, good service was made upon an officer of a local corporate managing agent of the defendant. The motion to vacate the service of the summons is denied, with costs.

Ordered accordingly.