——— JONES, Plaintiff, *v.* STEFCO STEEL COMPANY, Defendant.

Supreme Court, Kings Special Term, April 24, 1925.

**Corporations — foreign corporation — corporation maintaining office within State for managing agent whose activities were systematic with respect to negotiating contracts within State for performance here and in other States is doing business within State — summons properly served on managing agent — test is manner of transaction of corporation business.**

A foreign corporation is doing business in this State to a degree sufficient to justify the service of a summons upon its managing agent, where it appears that the activities of said agent, dictated by the corporation, are systematic and regular in the transaction of the business of said corporation and in the negotiation of contracts in this State to be performed here, as well as in adjoining States.

The test as to whether a corporation is doing business in this State to a degree that will sustain service of process upon it through an employee, is whether the individual served is engaged in activities on its behalf by way of doing business that are distinguished from merely casual.

MOTION by defendant to vacate service of summons.

*Cohen & Goldfarb* [*Philip Goldfarb* of counsel], for the plaintiff.

*Rounds, Hatch, Dillingham & Mead* [*William B. Daley, Jr.,* of counsel], for the defendant.

CARSWELL, J.:

Motion by defendant to vacate service of a summons. The defendant is a foreign corporation.

The only question that need be considered is whether it is doing business in this State to a degree that will sustain service of process upon it through one Krumholz. The case most nearly parallel to the facts in this case is *Cochran B. & M. Co.* v. *Monroe B. B. Co.* (197 App. Div. 221; affd., 232 N. Y. 503). The test is that contained in *Tauza* v. *Susquehanna Coal Co.* (220 N. Y. 259). It is whether the corporation is doing enough business in the State to enable the court to say that the corporation is here. To determine this, inquiry (among other things) is made as to whether the individual, whose acts are claimed to be such as to cause the corporation to be here, is engaged in activities on its behalf, by way of doing business, that are systematic and regular as distinguished from merely casual.

Here the activities of Krumholz are systematic and regular in the matter of doing business and negotiating contracts in the State, to be performed in this State and in other States of the eastern territory. In this case, as in the *Cochran* case, the orders are not recognized as contracts by the defendant until approved by the home office. It appears that the defendant pays for the maintenance of the office, although it claims that it reimburses itself by offsetting such payments against Krumholz's commissions. Krumholz is the successor of the plaintiff. It may be that Krumholz's powers are not precisely as broad as the plaintiff's when he occupied the same position. It does appear without contradiction that the furnishings of the office were paid for by the company, and that the methods by which its business is done are dictated by it. The office is labeled with the defendant's name and there is no claim that that is done without authority. The defendant's name is carried in the telephone book as having its office at the place where Krumholz is, and no claim is made that this is unauthorized. While it is possible to cite cases which hold that given concerns are not doing business within this State, upon facts which contain some of the elements in this case, it will be found upon analysis that the variation on the facts distinguish them from this case, and justify the holding that in this case the defendant was doing business within the State to a degree sufficient to justify the service of process upon Krumholz as its managing agent.

The case of *Palmer* v. *Northern Illinois Cereal Co.* (209 App. Div. 824), which was apparently not briefed by the respondent on the appeal, is not contrary to the holding herein. There the man served was a general broker who represented among others the particular foreign corporation which challenged the service; here that situation does not exist. There the foreign corporation repudiated the use of its name on the office door and in the telephone book; here such acts are not disavowed. There the foreign corporation did not pay the rent of the office or pay for the furnishings; here the furnishings are paid for by the defendant, as well as the office rent, though, however, claim is made that this rent item is offset against Krumholz's commissions.

There is no parallel between the situation herein and that which obtained in *Seaboard F. D., Inc.,* v. *Carlton-Moore Co., Inc.* (199 App. Div. 612); *Meyer* v. *Sachs Mfg. Co.* (200 id. 458); *Holzer* v. *Dodge Bros.* (233 N. Y. 216); *Stollman* v. *Olmsted* (203 App. Div. 476); *Ultramar Company, Ltd.,* v. *Minerals Separation, Ltd.* (236 N. Y. 647). A case where the office rent was paid in the first instance by the corporation, and where service of process was sustained is *Heer & Co., Ltd.,* v. *Rose Bros. Co.* (120 Misc. 723). The case of *Beck* v. *North P. & P. Co.* (159 App. Div. 418) is like *Palmer* v. *Northern Illinois Cereal Co.,* in that an individual was acting for various other entities and not solely for the particular foreign corporation that challenged the service of the process. Within the test set out in the *Tauza Case* (*supra*) the service herein should be sustained.

The motion is denied.