**236**   FAIR WAIST & DRESS CO., INC., *v.* FEIBELMAN'S, INC.

Appellate Term, First Department, December, 1925.   [Vol. 126

---

THE FAIR WAIST & DRESS CO., INC., Appellant, *v.* FEIBELMAN'S, INC., Respondent.

Supreme Court, Appellate Term, First Department, December 18, 1925.

Corporations — foreign corporation — action against foreign corporation. not authorized to do business here — service of summons and complaint set aside on ground that corporation was not doing business here at time service was made on director.

The service of the summons and complaint in this action against a foreign corpora-- tion, not authorized to do business here, is set aside on the ground that the corporation was not doing business here at the time the service was made on a director thereof.

APPEAL by plaintiff from an order of the City Court of the City of New York, granting defendant's motion to vacate service of the summons and complaint.

*Burnstine & Geist* [*Emanuel J. Freiberg* of counsel], for the appellant.

*Lippman & Sachs* [*Nathan I. Sachs* of counsel], for the respondent.

PER CURIAM. Order affirmed, with ten dollars costs and disbursements.

BIJUR and LEVY, JJ., concur.

CHURCHILL, J. (dissenting). Plaintiff is a New York corporation and the action is for the price of goods sold and delivered amounting to $1,055.10. The summons and complaint were served on one Katz, a director of the defendant, a Louisiana corporation. Defendant moved to vacate the service on the ground that the defendant was not doing business in the State of New York and was not subject to the jurisdiction of the courts of this State. The motion was granted and plaintiff appeals.

On the motion it was shown that defendant conducts a department store in Louisiana and that at the top of its letterheads appear the words: " New York Office, 370 Seventh Avenue." The affidavit of Mr. Katz shows that orders to purchase goods are forwarded to him by the corporation and that in most instances the orders specify the prices to be paid. It is thus conceded that in other

instances they do not. He says that upon receipt of the orders he communicates with the sellers and uses his best efforts to execute the orders. He says the corporation does not maintain an " exclusive " office in the State of New York and does no other business than that already stated except that it from time to time sends its buyers here to buy specific merchandise.

I do not know what is meant by the statement that the New York office of the corporation is not an " exclusive " one. If the statement was supposed to be material, it was the duty of the corporation to make the facts appear for the matter was one within its exclusive knowledge and it was seeking relief on the motion. It does appear, however, from the same affidavit that there was a permanent and continuous transaction of business here, for buying goods is doing business just as much as selling them. (*National Furniture Co.* v. *Spiegelman & Co., Inc.*, 198 App. Div. 672–674.) It is not a case of casual or intermittent purchases.

Of course, if the retention of this cause would infringe the constitutional rights of the corporation, we must decline jurisdiction and send the plaintiff with its $1,000 claim to the courts of Louisiana for relief. But before we do that, we should be very sure that the decisions require us to do it. I do not think they do. On the contrary, I think they forbid us to do anything of the kind. (*Fleischmann Construction Co.* v. *Blauner's*, 190 App. Div. 95; *Cochran Box & Mfg. Co.* v. *Monroe Binder Board Co.*, 197 id. 221; affd., 232 N. Y. 503; *National Furniture Co.* v. *Spiegelman & Co., Inc.*, 198 App. Div. 672; *Bersin* v. *Boath, Junr., & Co.*, Id. 344.)

The order should be reversed, with ten dollars costs and disbursements, and as there is no material issue raised by the affidavits, the motion should be denied with ten dollars costs.