WESTERN HAIR GOODS COMPANY, Respondent, *v.* B. R. HABERKORN CO., INC., Appellant.

Supreme Court, Erie County, April, 1928.

Corporations — foreign corporations — application to set aside service of summons and complaint on ground defendant is foreign corporation and was not doing business within State at time of service — defendant had ceased to function and was defunct in all respects except winding up of its affairs — defendant was not " doing business " in this State, within meaning of General Corporation Law, § 47, subd. 4 — service of summons and complaint vacated.

The service of the summons and complaint in this action against a foreign corporation must be set aside, where it appears that several months before the service was made defendant had ceased to do the business for the transaction of which it was organized and was defunct in all respects except the winding up of its affairs.

The fact that the party who was president of the corporation, and upon whom service was made, lived within this State and wrote letters to bring about the settlement of the business of the corporation, did not bring the defendant within this State and engage it in " doing business " here, within the meaning of subdivision 4 of section 47 of the General Corporation Law, so as to subject it to valid service of process which would give the courts of this State jurisdiction.

APPEAL by the defendant from an order of the City Court of Buffalo denying a motion to set aside the service of the summons and complaint.

*Moot, Sprague, Brownell & Marcy* [*James E. Foody* of counsel], for the appellant.

*Saperston, McNaughtan & Saperston* [*H. H. Wiltse* of counsel], for the respondent.

NORTON, J.   The motion to set aside the service of the summons and complaint herein was made on the ground that the defendant is a foreign corporation and was not doing business within this State at the time the summons and complaint were served.

The plaintiff, a foreign corporation, is seeking to recover a judgment herein in the City Court of Buffalo, and claims that jurisdiction of the defendant, a corporation incorporated under the laws of the State of Delaware, was acquired by personal service, February 18, 1928, of the summons and complaint on Clarence L. Davis, who, in May, 1927, was the president of the defendant, Davis, when served, being a resident of Buffalo, N. Y., and being served in Buffalo.

The defendant was organized for the purpose of dealing, as jobber, in barber's supplies; and qualified to do business in the State of Minnesota in June, 1926; it established its principal place of business in St. Paul, Minn., and there conducted its business until December, 1926, when following a fire, and the business proving a failure, all the assets of the defendant were sold and disposed of, and defendant went out of business.  Such corporate records as were not destroyed were sent to said Davis, its president, who then resided in Buffalo, N. Y., who thereafter there conducted some correspondence with the creditors of defendant and paid some of such creditors.

The defendant, with the consent of said Davis, who was the sole stockholder of defendant, was, pursuant to the laws of the State of Delaware, dissolved May 25, 1927, and ceased to do business.  However, under the Delaware statutes, the defendant was continued as a body corporate for three years after such dissolution, " for the purpose of prosecuting and defending suits, and * * * to settle and close [its] business, to dispose of [its] property and divide [its] capital stock, but not for the purpose of continuing the business for which said corporation shall have been established."

The court acquired jurisdiction of the defendant herein, if the defendant was here, was present, in this State at the time of the

service.    Presence of defendant in this State depends on whether it was doing business here.

Judge CARDOZO, in *Tauza* v. *Susquehanna Coal Co.* (220 N. Y. 259, 268), says: " There is no precise test of the nature or extent of the business that must be done.    All that is requisite is that enough be done to enable us to say that the corporation is here [citing several cases].    If it is here it may be served  *  *  *.    Jurisdiction does not fail because the cause of action sued upon has no relation in its origin to the business here transacted.  *  *  * The essential thing is that the corporation shall have come into the State.    When once it is here, it may be served; and the validity of the service is independent of the origin of the cause of action."

There are a considerable number of cases in which the courts of this State have determined, upon the facts peculiar to each of such cases, whether the foreign corporation concerned was or was not doing business in this State.    But each such case is decided and depends upon its own facts, and is of little assistance in deciding the instant case.

One sale of lumber and sale of stock of the corporation through a fiscal agent is not enough is the holding in *Sunrise Lumber Co.* v. *Biery Lumber Co.* (195 App. Div. 170).

While, because of the magnitude of isolated transactions, the corporation maintained a soliciting agent in the State, it is held that business was being done in the State.    (See *Interocean F. Co.* v. *McCormick & Co.*, 168 N. Y. Supp. 177.)    The maintenance of an office of itself is not doing business.    (*Green* v. *The B. & M.*, 203 N. Y. Supp. 464.)    But the maintenance of an office coupled with other activities constitutes doing business.    (*Heer & Co.* v. *Rose Bros. Co.*, 120 Misc. 723; *Jones* v. *Stefco Steel Co.*, 125 id. 316.) Listing its buyers' office as its New York office and sending buyers there from time to time, it seems is not doing business (*Fair Waist & Dress Co.* v. *Feibelman's*, 126 Misc. 236), while having a desk in an office, letterheads describing it as its New York office, but its agent having no power to close contracts, extend credit, nor make collections, is doing business.    (*Cochran Box & Mfg. Co.* v. *Monroe Binder B. Co.*, 197 App. Div. 221.) A continuous course of buying is doing business.    (*Fleischmann Constr. Co.* v. *Blauner's*, 190 App. Div. 95.)    But advertising a business is not doing business.    (*Krakowski* v. *White Sulphur Spgs.*, 174 App. Div. 440.)    Transfers of its stock and payments of dividends within the State is not doing business in the State. (*Pomeroy* v. *Hocking Valley R. Co.*, 218 N. Y. 530.)    To similar effect is the holding that payment of interest and bonds is not doing business.    (*Toledo Railways & Light Co.* v. *Hill*, 244 U. S.

49.)   Although the maintenance of an office for the settlement of claims against a railroad is doing business.   (*St. Louis S. W. R. Co. v. Alexander*, 227 U. S. 218.)

All of which authorities are interesting, but not particularly helpful in determining the question involved herein.

The defendant, several months before the service herein was made, had ceased to function, had ceased to do the business it was organized and incorporated to do, and also it had so ceased before any of the aforesaid correspondence on the part of its former President Davis was written.   It does not seem to me that Davis could or did bring what was at least a semi-defunct, if not a dead corporation, into this State and sufficiently revive or raise it from the dead, so that it can be said the corporation returned to life and was again doing business.

The " doing business " which brings a corporation within this State, so as to give our courts jurisdiction of it, is the prosecution of the actual affairs which it was organized to engage in; and not the settling its affairs as an insolvent or defunct corporation.

A corporation that had ceased to operate, that had ceased to function, that had ceased to engage in the affairs it was organized to carry on, was not " doing business " in the sense those words are used in the statute, by seeking to wind up its affairs and terminate its existence through correspondence by its former or holdover president.

I am of the opinion that the meaning of the words " doing business " as used in the statute, namely, subdivision 4, section 47 of the General Corporation Law (added by Laws of 1920, chap. 916), is functioning for the purposes for which the corporation was organized.

The Federal courts have held that valid service cannot be made on a corporation which has ceased doing business in the State where such service is attempted.   (*Chipman* v. *Jeffery Co*, 251 U. S. 373.)

In order to constitute valid service of the defendant it must appear that the defendant was present and doing business within this State.   The general rule is that such business must be of a nature warranting " the inference that the corporation has subjected itself to the local jurisdiction, and is by its duly authorized officers or agents present within the State   *   *   *   where service is attempted."   (*People's. Tobacco Co.* v. *American Tobacco Co.*, 246 U. S. 79.)

The Court of Appeals in this State in the case of *Holzer* v. *Dodge Bros.* (233 N. Y. 216, 221) states the rule as follows: " The extent to which a corporation must do business in the State to justify

the service of process upon its representative is not clearly defined, but under all of the authorities to which my attention has been called, it must be some substantial part of its main business. Nothing short of this will justify such service."    (Citing cases.)

I have arrived at the conclusion that Davis, the former or holdover president of the defendant, it having ceased to do the business for the transaction of which it was organized, and being defunct in all respects and for all purposes, except the winding up of its affairs, could not, by writing letters to effect such end, bring the defendant within this State and engage it in " doing business " here so as to make it present in this State and subject it to valid service of process so as to give our courts jurisdiction of it.

The order appealed from is reversed and the motion to vacate the service of said summons and complaint is granted, with costs. An order may be prepared and entered accordingly.