DOROTHY HASTINGS, as Administratrix of the Estate of GEORGE C. HASTINGS, Deceased, Respondent, *v.* PIPER AIRCRAFT CORPORATION, Appellant.

First Department, December 13, 1948.

*Frank J. Wheelan* of counsel (*Phillips, Ahearn & Bivin,* attorneys), for appellant.

*Harry Lesser* of counsel (*Lesser & Lesser,* attorneys), for respondent.

CALLAHAN, J. Plaintiff sues to recover damages for the wrongful death of her intestate in Florida on May 26, 1947, as a result of the alleged negligence of defendant.

On December 18, 1947, the summons and complaint in this action were allegedly served on defendant by leaving a copy of the same with one Stanley M. Lambert at 120 Wall Street, in the city of New York. The person thus served was an employee of Frank Sheridan Jonas, Inc. (hereinafter called " Jonas "). Defendant appearing specially moved to vacate the service and for dismissal of the action on the ground that it is a foreign corporation not doing business in the State of New York and that the court has no jurisdiction over its person. The Special Term denied the motion, and defendant appeals from the order entered on such denial.

Defendant is a foreign corporation organized under the laws of Pennsylvania. It is engaged in the manufacture and sale of airplanes with its office and principal place of business in the city of Lock Haven, Pennsylvania. Defendant is not licensed to do business and has no employees soliciting business or otherwise working for it in this State.

The name of defendant, however, was listed in the telephone directory as having an export department at 120 Wall Street, in the city of New York. The Jonas company maintained an office at this address. Defendant's name was carried on the building directory and outer door of the Jonas office as occupying the same quarters. It further appears that a business letterhead listed the same address for the export department of defendant and its cable address as " Jonasnell, N. Y." There is no proof to show that defendant arranged for the telephone or building listing or that the letterhead in question was prepared or printed by it. The Jonas corporation was an export company specializing in the foreign sale of products and articles of all descriptions made by American manufacturers. It was wholly independent of defendant, with which it had a contract as exclusive distributor of defendant's product in specified foreign territory. The Jonas company purchased airplanes from defendant by transactions completed in Pennsylvania. These were shipped and delivered to the purchaser in New York packed for export. They were resold by the Jonas company to its own customers in the foreign territory assigned by defendant on resale terms fixed by Jonas itself. Defendant did not exercise any supervision or control over the employees of the Jonas company, nor contribute to the maintenance of the office or salaries of its employees.

It likewise appears that defendant had a telephone listing for a showroom at 332 West 57th Street, in the city of New York. This was the place of business of Safair Corporation, which was defendant's local distributor. This company, however, not only sold and distributed airplanes made by different manufacturers, but also arranged for flying lessons and did charter transportation work as a regular part of its business. Defendant as an advertising charge made a contribution to the Safair organization, which was applied towards the rental paid by this company. But this corporation, too, was wholly independent of defendant.

Further, defendant maintained a substantial and active bank account with Manufacturers Trust Company in the city of

New York. The deposits were made by transmittal of funds or checks from Pennsylvania, and withdrawals made by checks issued at the home office. Defendant likewise occasionally borrowed money from the bank after negotiations conducted by its officers or representatives at the office of the lender in this jurisdiction.

In addition, defendant retained a New York law firm as its general counsel and on various matters consulted with these attorneys at their offices in the city of New York.

Apart from the fact that Lambert, the employee of the Jonas corporation, does not appear to be a person through whom service of process might be effected upon defendant (see *Stollman* v. *Olmsted,* 203 App. Div. 476; *Cunningham* v. *Mellin's Food Co.,* 121 Misc. 353; *Taylor* v. *Royal China, Inc.,* 66 N. Y. S. 2d 852; Civ. Prac. Act, § 228), we think that the proof fails to show that defendant was present and doing business in the State so as to be amenable to the service of process in this action (see Civ. Prac. Act, § 229).

A nonresident manufacturer such as defendant does not conduct business in the jurisdictional sense in the absence of continuous and systematic solicitation within the State merely because it delivers or sends goods into the State to local buyers on sales transactions completed elsewhere (see *International Shoe Co.* v. *Washington,* 326 U. S. 310; *Holzer* v. *Dodge Brothers,* 233 N. Y. 216; *Tauza* v. *Susquehanna Coal Co.,* 220 N. Y. 259). Nor does the maintenance of a deposit in a local bank by the nonresident defendant itself constitute the doing of business by the depositor in this State. While the borrowing of money from a local bank after negotiations conducted here by the officers or representatives of a foreign corporation is a transaction that constitutes the doing of business in New York as to the lender (*Chaplin* v. *Selznick,* 293 N. Y. 529, 538), we think that such transaction is not the jurisdictional conduct of business on the part of the borrower and does not warrant a holding that defendant is present within this jurisdiction, especially where the loan is intended for use in another State (see *Bank of America* v. *Whitney Bank,* 261 U. S. 171; cf. *Greenberg* v. *Lamson Brothers Co.,* 273 App. Div. 57). And, finally, we fail to see how consultation with its attorneys in New York can fairly be said to bring the business of the defendant corporation into the State.

Plaintiff relies on *Chaplin* v. *Selznick* (293 N. Y. 529, *supra*) and *Pine & Co.* v. *McConnell* (273 App. Div. 218, affd. 298 N. Y. 27) as authorities for a holding that the activities of defendant

were sufficient to constitute the doing of business in the jurisdictional sense for the purpose of authorizing the service of the summons in this action. There are material differences, however, and each case must be decided on its own facts (*International Harvester Co.* v. *Kentucky,* 234 U. S. 579, 583; *Compania Mexicana* v. *Compania Metropolitana,* 250 N. Y. 203, 209). There is no precise test as to the nature or extent of the business that must be done to satisfy the requirement of doing business in the State (*Tauza* v. *Susquehanna Coal Co.,* 220 N. Y. 259, 268, *supra*) '' In cases of this sort it is the cumulative significance of all the activities conducted in this jurisdiction rather than the isolated effect of any single activity that is determinative on the question of doing business in the state '' (*Pine & Co.* v. *McConnell, supra,* p. 223).

In the *Chaplin* case (*supra*) the court refused to vacate the service of a summons on a foreign corporation which was actually maintaining an office in the city of New York at a substantial annual rent, with three salaried employees, and which had been actively soliciting business here as a continuous and systematic course of conduct. These are significant factors that serve to distinguish the present case by their absence.

The *McConnell* case (*supra*) is likewise clearly distinguishable from the situation in the case at bar. There the defendants were a partnership composed of nonresident natural persons found to be doing business in the State through the activities of their agents, and service of process on the defendants was held to have been properly effected by service on the agents under section 229-b of the Civil Practice Act. These agents were manufacturers' representatives acting for the defendants in the promotion and sale of their products on a commission basis pursuant to contract. They were invested with general powers involving judgment and discretion, and their acts in connection with the business of the foreign principals were the acts of the latter within this jurisdiction. Further, the defendant company in that case itself supplied the business stationery and advertising materials showing a sales office and an export office in the city of New York. There is nothing of the kind shown to exist in the present case, where the Jonas and Safair corporations purchased defendant's products (as well as those of other manufacturers) and resold the same not as agents for defendant, but as principals themselves and solely on their own account. The fact that defendant may have contributed to the rent of the Safair showroom would not in itself be sufficient to establish the doing of business in this State.

The order appealed from should be reversed, with $20 costs and disbursements to appellant, and defendant's motion to vacate the service of the summons and complaint in this action should be granted.

PECK, P. J., DORE, VAN VOORHIS and SHIENTAG, JJ., concur.

Order unanimously reversed, with $20 costs and disbursements to the appellant and defendant's motion to vacate the service of the summons and complaint in this action granted. [See 275 App. Div. 660.]