Kimball, J.
This is an appeal from an order of Special Term which denied the motion of the defendant, Electro Metallurgical Company, to set aside service of summons in an action brought by the plaintiff to recover damages for personal injuries. The accident happened on June 21, 1948, at the plant of Electro in Niagara Falls. The summons was dated June 15, 1949, and was delivered, together with a copy of the amended complaint, on June 16, 1949, to one James T. MacBain who was or had been a vice-president of Electro and who resided in Niagara County. The defendant, Electro, was a foreign corporation, organized under the laws of West Virginia and had been duly authorized to do business in this State. The pertinent facts are disclosed by the plaintiff’s complaint and the affidavit of said MacBain in support of the motion. No affidavit in opposition was submitted by the plaintiff. From the allegations of the complaint and the affidavit of MacBain, it appears, without dispute, that prior to the commencement of this action, as against Electro, and on or about December 1, 1948, Electro was dissolved in accordance with the laws of West Virginia and its assets transferred to the defendant, Union Carbide and Carbon Corporation, by way of liquidation and that Union Carbide and Carbon Corporation assumed all of the liabilities of Electro. On December 20, 1948, Electro duly filed with the Secretary of State of New York, pursuant to section 216 of the General Corporation Law, a certificate of surrender of authority to conduct business in New York; that thereafter Electro ceased to transact business in New York and has had no office or place of business in this State. The record discloses no claim by the plaintiff that Electro was engaged in business in New York subsequent to "the filing of the certificate of surrender of authority.
Section 229 of the Civil Practice Act sets forth the manner in which service of process upon a foreign corporation shall be made. While the section does not so specifically provide, the test of the validity of the service of summons upon a foreign corporation, within the State, is whether or not the foreign corporation is doing business in the State. If it is not, service upon its officer or agent within the State is a nullity and the court acquires no jurisdiction. (Riverside and Dan River Cotton Mills v. Menefee, 237 U. S. 189.) Such has been the law of this *279 State for many years. (Tauza v. Susquehanna Coal Co., 220 N. Y. 259; Dollar Co. v. Canadian Car & Foundry Co., 220 N. Y. 270.) As pointed out in Carmody on Hew York Practice (Vol. 2, § 643), “ To extend the provisions of such statute to a foreign corporation not doing business in the State, would result in taking property without due process of law in violation of the Fourteenth Amendment to the Federal Constitution * * (See, also, Conley v. Mathieson Alkali Works, 190 U. S. 406; Holzer v. Dodge Bros., 233 N. Y. 216; Chaplin v. Selznick, 292 N. Y. 529; Gaboury v. Central Vt. Ry. Co., 250 N. Y. 233; Western Hair Goods Co. v. Haberkorn Co., 131 Misc. 930 and cases there cited.) In. the instant case, Electro had not only ceased doing business in the State and filed its certificate of surrender of authority but had been dissolved in West Virginia, the State of its residence and where it was incorporated and had transferred its assets to another corporation which assumed its liabilities.
We do not agree with Special Term that section 216 of the General Corporation Law may be construed to mean that in an action on a liability which has arisen prior to cessation of business in this State, the summons may be served in accordance with section 229 of the Civil Practice Act. Section 216 of the General Corporation Law is unambiguous and permits of no such construction. Ho authority is cited by Special Term for its conclusion and there seems to be none.
Section 216 of the General Corporation Law requires a foreign corporation to file a surrender certificate if it wishes to cease doing business in this State and to relinquish its rights and relieve itself of its obligations as a corporation engaged in business here. The certificate shall state that it surrenders its authority to do business in this State and its certificate to do business must be returned for cancellation. In order to protect persons who may have rights against the foreign corporation which arose in this State prior to filing the certificate the section (subd. e.) requires the retiring corporation to consent “ that process against it in an action or proceeding upon any liability or obligation incurred within this state before the filiug of the certificate of surrender of authority, after the filing thereof, may be served upon the secretary of state. ’ ’ Upon the filing of the certificate, the authority of the corporation to do business within the State ceases.
The section reserves rights against the corporation as to any pending action and any action on a contract made in the State *280 before the filing of the certificate. The last sentence of the section implements the reserved rights against the corporation as to obtaining jurisdiction by service of process. It reads: “ Process against the corporation in an action upon any liability or obligation incurred within this state before the filing of such certificate of surrender of authority may be served, after the filing thereof, upon the secretary of state.” This sentence is plain. No other method of obtaining jurisdiction can be read into it. If any other way of serving summons in such case was contemplated, the Legislature would have so provided. The Legislature has not said that after the filing of the surrender certificate, summons may still be served upon an officer within the State as provided in section 229 of the Civil Practice Act. If it had, the constitutionality of such method of service might be called in question since the corporation was not doing business in the State and had not designated, nor was it required to designate, any person except the Secretary of State upon whom process might be served. As a condition of surrender of its authority, the statute required only that the corporation consent to service upon the Secretary of State. This it did. It complied with the statute and did not submit nor was it required to submit to the jurisdiction of the court by service of process in the same manner as though it were still doing business here. Defendant, Electro, had the right to rely upon service of process by delivery to the person whom the statute required it to designate and whom it did designate, in order to bring it within the court’s jurisdiction. It was not required to rely upon delivery of the summons to an officer or former officer of the corporation who happened to live within the State and who might or might not see fit to protect the interests of the defendant.
The plaintiff having failed to serve the summons as provided by statute, the court acquired no jurisdiction and the motion to set aside the service should have been granted.
All concur. Present — Taylor, P. J., McCttrn, Vaughan, Kimball and Fiber, JJ.
Order insofar as appealed from reversed on the law, with $10 costs and disbursements and motion granted, with $10 costs.