CLARISSA J. BARRETT, Respondent, *v.* THE AMERICAN TELE-
PHONE AND TELEGRAPH COMPANY, Appellant.

On motion to set aside the service of a summons on a domestic telegraph company, it appeared that the summons was served on the general superintendent of the work of operating the lines of the company. *Held,* that the person served was the "managing agent" of the company within the meaning of the provision of the Code of Civil Procedure (§ 431) in reference to service on domestic corporations, and so, that the service was good.
Reported below, 56 Hun, 430.

(Argued June 5, 1893; decided June 13, 1893.)

APPEAL from order of the General Term of the Supreme Court in the second judicial department, made February 10, 1890, which affirmed an order of Special Term denying a motion to vacate and set aside the service of the summons herein.

The facts, so far as material, are stated in the opinion.

*Melville Eggleston* for appellant. In proceedings against corporations service must be made upon the identical officer or agent designated by the statute. (Code Civ. Pro. § 431; *Emerson* v. *A. & O. L. R. R.*, 13 Hun, 152; *Brewster* v.

*M. C. R. R. Co.*, 5 How. Pr. 185 ; *Reddington* v. *M. Co.*, 19 Hun, 405 ; *Chambers* v. *Manufactory*, 16 Kans. 270 ; *Watertown* v. *Robinson*, 59 Wis. 513 ; *G. W. M. Co.* v. *W. M. Co.*, 20 Pac. Rep. 771.) Service was not made upon any one of the officers upon whom under the statute it could lawfully be made. (Code Civ. Pro., § 431.) It is submitted that the term " managing agent " in its very nature imports an agent of such wide and extended powers and responsibilities that it will be fairly understood to relate as a rule, in domestic corporations, at all events, to but a single person in the corporation. (*Flynn* v. *H. R. R. R. Co.*, 6 How. Pr. 308 ; *Brewster* v. *M. C. R. R. Co.*, 5 id. 185 ; *Reddington* v. *M. Co.*, 19 Hun, 405 ; *T. Co.* v. *Whittaker*, 16 Wis. 237 ; *Dotey* v. *M. C. R. R. Co.*, 8 Abb. Pr. 427 ; *Sterrett* v. *D. & R. G. R. R. Co.*, 17 Hun, 316 ; *G. W. M. Co.* v. *W. M. Co.*, 20 Pac. Rep. 771 ; *O'Brien* v. *Shore*, 10 Cal. 343 ; *R. R. Co.* v. *Hunt*, 38 Mich. 469.)

*W. B. Yeomans* for respondent. The person served was a managing agent, as required by the Code of Civil Procedure. (Code Civ. Pro. § 431.) Service of process upon a person as a managing agent of a corporation is good if the person served be a managing agent to any extent. It is not necessary that he have charge of the whole business of the corporation, but merely that he have sufficient character and rank to make it reasonably certain that the corporation will be apprised of the service made. (*Palmer* v. *Penn. Co.*, 35 Hun, 369 ; 99 N. Y. 679.) In the case at bar, the person served was certainly, to a very great extent, a managing agent of the appellant, and of sufficient character and rank to make it reasonably certain that the appellant would be apprised of the service, especially when we consider that the service was made at the principal office of the appellant. (*Pope* v. *T. H. C. & M. Co.*, 87 N. Y. 137 ; *R., H. & L. R. R. Co.* v. *N. Y., L. E. & W. R. R. Co.*, 48 Hun, 190 ; *Bain* v. *G. Ins. Co.*, 9 How. Pr. 448.)

GRAY, J.   The defendant seeks to set aside the service of the summons in this action, for having been made upon its general superintendent.   It is a domestic corporation, and, under section 431 of the Code, such a service, if not made upon the president, secretary, cashier, treasurer or a director, might be made upon its managing agent.   It appeared from the affidavits, read on behalf of the defendant company, that the person served was the general superintendent of the work of operating the lines of the company.   It was said of him that he was given that title " to distinguish him from superintendents of divisions of its lines, and from superintendents of other departments of business."   There was a sufficiently broad agency, or delegation of power, to constitute him a managing agent of the company.   The design of the statute was to secure notice of the commencement of a suit to the corporation, and it is very apparent, from the description in the statute of the persons upon whom service might be made, that the legislature intended to facilitate such service, and only required that the person to be served should sustain such responsible and representative relations to the corporation, as would be comprehended in the term " managing agent." This language would exclude persons holding such subordinate, or clerical positions as imposed no responsibility upon them ; but, plainly, would include a person holding so responsible and representative an office as did the general superintendent of this company.

The order should be affirmed, with costs.

All concur.

Order affirmed.