Joseph B. Miller, Plaintiff, *v.* W. K. Jahn Co., Inc., Defendant.

(Supreme Court, New York Special Term, August, 1918.)

Depositions — examination of party before trial — motions and orders — affidavits — Code Civ. Pro. § 872(1, 7).

> A person who is the manager of the chemical department of defendant's business is "managing agent thereof" within the meaning of section 872(7) of the Code of Civil Procedure, regulating examination of parties before trial.

> Where, in an action brought against a corporation·to recover damages for a breach of warranty as to certain soda ash, the affidavit upon which an order for defendant's examination before trial was granted describes the one to be examined as "manager of the chemical department of the defendant, and who is chiefly in charge of the situation at issue," but fails to give the names of the attorneys for the respective parties and their residences or office addresses, as required by section 872 (1) of the Code of Civil Procedure, and the moving affidavit upon motion to vacate said order does not deny that the one sought to be examined is such "manager," the motion will be granted unless defendant files an additional affidavit complying with said section.

Motion to vacate an order for defendant's examination before trial.

David Ray Bernstein, for plaintiff.

Frank Earle Parham, for defendant.

Ottinger, J. This is a motion to vacate an order for the defendant's examination before trial. Among the objections urged to the order are that it is a fishing excursion and that the plaintiff has all the proof he needs. These are timeworn and technical objections, which, fortunately, the courts have left far behind. The serious question arises, however, as to whether or not the particular individual whose examination is

desired, to wit, Dr. M. C. Kahn, who is employed by the defendant, is a " managing agent thereof," under subdivision 7 of section 872, which is applicable where the party to be examined is a corporation. It is not claimed that he is an officer or director. The plaintiff's affidavit describes him as " manager of the chemical department of the defendant, and who is chiefly in charge of the situation at issue," and the moving affidavits, while denying that the said Kahn is an officer of the corporation, or a person designated for the purpose of receiving service under section 16 of the General Corporation Law, are singularly silent upon the question as to whether or not he is a managing agent. The omission to deny that he is such managing agent may fairly be taken into consideration. Moreover, it appears that the action is brought to recover damages for breach of warranty as to certain soda ash sold by the defendant to the plaintiff. It is therefore fairly to be inferred that a considerable part of the defendant's business consists of the sale or manufacture of chemicals, so that if the witness to be examined is the manager of the chemical department it may be assumed that he is a person of considerable responsibility and at the head of an important branch of the defendant's business. In *Barrett* v. *American Telephone & Tel. Co.,* 138 N. Y. 491, it was held that a person who was the general superintendent of the work of operating the lines of a telephone company was a managing agent upon whom a summons could be served. It seems to me that section 872 of the Code should receive at least as liberal a construction of the words " managing agent " as has been accorded to section 16 of the General Corporation Law. It has always seemed to me that where a person to be examined is employed by a defendant corporation it is an anomaly to compel him to be treated as a third party when he is to be

examined concerning a transaction in which he has no personal interest, but merely represents the corporation. Nevertheless, the law does require him to be so treated, unless he can be included as an officer, director or managing agent, and these terms should not be restricted beyond the necessary requirements of a fair construction. Moreover, it will be observed that subdivision 7 of section 872 uses the plural, the language being "managing agents." This is a clear implication that a corporation may have more than one managing agent, who may be examined where the corporation is a party, and I am satisfied that the witness above referred to is one of such managing agents. There is, however, one technical defect in the affidavit upon which the order for the examination was obtained in that it fails to give the names of the attorneys for the respective parties, and their residences or office addresses, as required by subdivision 1 of section 872. This is, however, a technical defect the amendment of which the court is required to allow by section 768. The motion to vacate the order for examination will therefore be granted, unless the defendant files an affidavit supplying this defect on or before September ninth. Such additional affidavit will then be passed upon by me. In any event the defendant is entitled to ten dollars costs of this motion.

Ordered accordingly.