WILLIAM F. HOLZER, Respondent, *v.* DODGE BROTHERS, Appellant.

Service — process — foreign corporations — when not doing business in state within meaning of statute permitting service of process upon managing agent — when general sales manager not a managing agent within meaning of statute.

1. A foreign corporation must be doing some substantial part of its main business in this state to justify the service of process upon its representative.

2. A foreign corporation, domiciled in and maintaining its principal office and manufacturing plant in a foreign state, which did not have a permit to do business within the state of New York, and which sold its product at wholesale, at the place of its domicile and not elsewhere, to dealers located in different localities who are not its agents but maintain their own salesrooms for the purpose of selling, the corporation retaining, after payment by the dealer, no interest in or control over its product in any way, and which, though it maintained representatives in this state to look after its interests and its export business, gave them no power to negotiate sales or to collect money for sales made, was not doing business within this state in such sense as to subject it to the jurisdiction of the courts within the meaning of subdivision 4 of section 1780 of the Code of Civil Procedure.

3. A general sales manager, who had no power to make a contract of any kind, to fix prices or receipt for or receive money paid, but whose authority was confined exclusively to the sales department and limited to carrying out the orders of the corporation, and whose duties were to go from district to district and see to it that the representatives were properly performing their duties and make recommendations, which, however, were not binding upon the corporation, was not a managing agent within the meaning of subdivision 3 of section 432 of the Code of Civil Procedure. (*Cochran Box & Mfg. Co.* v. *Monroe B. B. Co.*, 197 App. Div. 221; affd., 232 N. Y. 503; *International Harvester Co.* v. *Kentucky*, 234 U. S. 579, distinguished.)

*Holzer* v. *Dodge Brothers*, 199 App. Div. 911, reversed.

(Argued March 1, 1922; decided April 18, 1922.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the fourth judicial department, entered October 20, 1921, which affirmed an order of Special Term denying a motion to vacate the service of a summons.

*T. Aaron Levy* and *F. L. Sword* for appellant. The defendant in selling its cars at Detroit to dealers of New York state, who in turn sold the cars at their own terms and at their own risk, was not by reason of said facts doing business in New York state. (*Doe* v. *Springfield B. & M. Co.*, 104 Fed. Rep. 684; *Barnes* v. *Maxwell M. S. Corp.*, 172 Ky. 409; *Gottschalk* v. *D. & C. Feeding*

*Co.*, 50 Fed. Rep. 681.) The defendant did not maintain such offices in New York state as to constitute the doing of business in New York state, such offices not being for the purpose of the sale of the defendant's cars, nor to transact business in the state. (*Peterson* v. *Chicago, R. I. & Pac. Ry. Co.*, 205 U. S. 364; *Phila. & Reading Ry. Co.* v. *McKibbin*, 243 U. S. 264; *Greene* v. *C., B. & Q. Ry. Co.*, 205 U. S. 530; *Krakowski* v. *W. S. Springs*, 174 App. Div. 440.) Charles W. Matheson was not an officer, director or cashier of the defendant, nor was he a managing agent of the defendant upon whom process might be served, within the meaning of section 432 of the Code of Civil Procedure. (*Taylor* v. *G. S. P. Assn.*, 136 N. Y. 343; *Vitoli* v. *Bee Publishing Co.*, 66 App. Div. 582; *Reddington* v. *Mariposa L. & M. Co.*, 19 Hun, 405; *St. Clair* v. *Cox*, 106 U. S. 350; *United States* v. *A. B. Tel. Co.*, 29 Fed. Rep. 17; *Doe* v. *Springfield B. & M. Co.*, 104 Fed. Rep. 684; *Mut. Bank* v. *B. H. & P. Co.*, 178 N. Y. Supp. 140.)

*Wordsworth B. Matterson* for respondent. The defendant was doing business in this state. (*Cochran Box & Mfg. Co.* v. *Munroe B. B. Co.*, 188 N. Y. Supp. 697; *Bogert & Hopper, Inc.*, v. *Wilder Mfg. Co.*, 189 N. Y. Supp. 444; *Dreher* v. *W. D. Mfg. Co.*, 189 N. Y. Supp. 422; *St. L. S. W. R. Co.* v. *Alexander*, 227 U. S. 218; *Dollar Co.* v. *C. C. & F. Co.*, 220 N. Y. 270.) The person served was at the time a managing agent. (*Tauza* v. *Susquehanna Coal Co.*, 220 N. Y. 268; *Pope* v. *T. H. C. M. Co.*, 87 N. Y. 140; *Palmer* v. *C. E. Post*, 85 Hun, 403; *Palmer* v. *Penn. R. R. Co.*, 35 Hun, 369; 99 N. Y. 679; *Coler* v. *P. B. Co.*, 146 N. Y. 283; *Taylor* v. *G. S. P. Assn.*, 136 N. Y. 343; *Hiler* v. *B. & M. R. R. Co.*, 70 N. Y. 223; *Swift* v. *Matthews Eng. Co.*, 178 App. Div. 204; *Jackson* v. *Schuylkill Silk Mills*, 92 Misc. Rep. 446; *Tuchband* v. *C. A. Ry. Co.*, 115 N. Y. 440; *Reeves* v. *Southern Railway Co.*, 121 Ga. 561.)

McLAUGHLIN, J.   This appeal is from an order of the Appellate Division, fourth department, unanimously affirming an order of the Special Term of the Supreme Court denying defendant's motion to vacate the service of a summons upon one Charles W. Mathewson. Permission to appeal to this court was given and the following questions certified:

" 1. Was the defendant at the time of the service of the summons herein, doing business within the state of New York, in such a sense and in such a degree as to subject it to the jurisdiction of the court of the state of New York, within the meaning of section 1780, subdivision 4, of the Code of Civil Procedure?

" 2. Were the duties of Charles W. Mathewson, defendant's representative, such as to constitute him a managing agent of the defendant corporation within the meaning of section 432, subdivision 3, of the Code of Civil Procedure? "

Defendant is a Michigan corporation, engaged in manufacturing and selling automobiles and accessories at Detroit, in that state.   The order is sought to be sustained upon the ground that defendant was doing business within the state of New York and that Mathewson was its managing agent.

Was the defendant doing business within the state of New York, and was Mathewson its managing agent? I think not.   The corporation is domiciled at Detroit, Michigan, where it has its principal office and manufactures and sells its automobiles.   That is its distributing point.   It sells the product of its manufacture by wholesale at that place, and not elsewhere.   The sales are under contracts made at Detroit, with dealers located in different localities.   The dealers are not its agents.   They purchase the cars and pay for them at Detroit, and if such payment is not there made, then the cars are shipped with a bill of lading and draft attached.   When the draft is paid, the cars are delivered, and whether the purchase price is

paid at Detroit or at destination, title passes to the purchaser. After payment, defendant has no interest in or control over the cars in any way. Each dealer, at his own expense, maintains salesrooms for the purpose of exhibiting and selling cars and accessories. The United States is divided into districts, in each of which there is a salesman. One of the districts comprises the eastern portion of New York, a part of Connecticut and a part of New Jersey. In each district the defendant has what is termed a district representative whose duty it is to look after the interest of defendant in that locality and report to it from time to time. A district representative has no power to enter into contracts on behalf of the defendant, to sell cars, or to collect the purchase price of cars sold. The representatives are changed from time to time from one place to another, depending entirely upon the condition of the business and the success of the way in which it is there carried on. The district representatives have, for their own convenience, in the district, an office, not maintained by the defendant, but as a mere incident to the supervision of the work intrusted to them. The maintenance of such office is by the representative. There is nothing upon the doors leading into the office, upon the stationery used, or anything else to indicate that defendant has any connection with it.

Defendant also does an exporting business which is transacted at its office in Detroit. It does, however, have a person in New York who there has an office and looks after its export business, obtaining rates, shipping directions, etc. He has no power to negotiate sales, collect money for sales made, or enter into any contract for the sale or shipment of cars. All that he does is to negotiate the details of the shipment and forward same to Detroit for confirmation. The office which such person maintains is a mere incident to the exporting business.

Mathewson, upon whom the summons was served, was

a general sales manager. He had no power to make a contract of any kind, to fix prices at which cars should be sold, or receipt for or receive money paid. His authority was confined exclusively to the sales department and limited to carrying out the orders of defendant. Everything he did was subject to the supervision and direction of the executive or business manager of the corporation. His duties were to go from district to district and see to it that the district representatives were properly performing their duties, and to recommend, from time to time, changes in such representatives or the selection of new ones. His recommendations, however, were not binding upon the defendant. It could adopt the same or not, as it saw fit. His duties also required him to attend from time to time automobile exhibits held in the different states where defendant's cars were shown. It was while he was attending an automobile exhibit in the city of New York that the summons was served upon him.

The defendant did not have a permit authorizing it to do business in the state of New York, and upon the foregoing facts I do not think it was doing business here, or that Mathewson was a managing agent within the meaning of the statute. The extent to which a corporation must do business in the state to justify the service of process upon its representative is not clearly defined, but under all of the authorities to which my attention has been called, it must be some substantial part of its main business. Nothing short of this will justify such service. (*Tauza* v. *Susquehanna Coal Co.*, 220 N. Y. 259; *Pomeroy* v. *Hocking Valley Ry. Co.*, 218 N. Y. 530; *Bagdon* v. *Philadelphia & Reading C. & I. Co.*, 217 N. Y. 432; *People's Tobacco Co., Ltd.*, v. *American Tobacco Co.*, 246 U. S. 79; *Bethlehem Motors Corp.* v. *Flynt*, 256 U. S. 421; *Cody Motors Co.* v. *Warren Motor Car Co.*, 196 Fed. Rep. 254.)

The case is clearly distinguishable from *Cochran Box & Mfg. Co.* v. *Monroe Binder B. Co.* (197 App. Div. 221;

affd., 232 N. Y. 503). There, defendant had an agent in the city of New York. He had a room in the Grand Central Palace, where he transacted his business. Defendant employed a stenographer to look after his correspondence. In the office was defendant's sign, followed by the words, " H. L. Hutchinson, New York Representative." The stationery used by the agent contained the name of the defendant, with its home address, followed by the words: " New York Office, 480 Lexington Avenue, Grand Central Palace. H. L. Hutchinson, New York Representative. * * * Address your reply to the New York Office." In addition, it appeared that the representative had power to make or negotiate contracts.

It is also distinguishable from *International Harvester Co. of America* v. *Kentucky* (234 U. S. 579). There, the court held that there not only was a solicitation of business in the state of Kentucky, but in response to orders received there was a continuous course of shipment of machines into that state. The agent also had authority to receive, for machines sold, payment in money, check or draft, and to take notes payable at banks in that state. Besides, the rule there laid down has, by a subsequent decision, been confined to the particular facts of that case. (See *People's Tobacco Co., Ltd.,* v. *American Tobacco Co., supra.*)

I am of the opinion that the motion to set aside the service of the summons upon Mathewson should have been granted.

The order appealed from and the order of the Special Term are reversed and the motion to set aside the service of summons granted, with ten dollars costs of motion, with costs in this court and in Appellate Division. The questions certified are answered in the negative.

HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, CRANE and ANDREWS, JJ., concur.

Orders reversed, etc.