ROBERT R. APPLEBY, Plaintiff, *v.* THE INSURANCE OFFICE OF AUSTRALIA, LTD., Defendant.

Supreme Court, New York Special Term, October, 1922.

Practice — service of summons on foreign corporation — marine insurance company — service on agent having full authority to adjust claims good.

To constitute an agent a " managing agent " in the sense in which those words are used in section 229(3) of the Civil Practice Act, the agent must be invested with some general powers which involve the exercise of independent judgment and discretion.

Where the adjustment and payment of insurance claims is one of the essential and fundamental parts of the business of a foreign corporation doing business in this state, and the summons and complaint in an action against it upon a policy of marine insurance was served upon a domestic corporation conducting the business of insurance brokerage in the city of New York and vested with full discretion by the defendant with respect to the adjustment of such claims as were presented to it under defendant's policies, such service is good and a motion to set aside the same will be denied upon the ground that it was apparent that said domestic corporation was the " managing agent " of defendant within the meaning of the Civil Practice Act.

MOTION to set aside service of summons.

*Bingham, Englar & Jones,* for plaintiff.

*Barry, Wainwright, Thacher & Symmers,* for defendant.

BURR, J. Motion to set aside service of summons and complaint. The summons and complaint in this action, which purports to have been brought upon a policy of marine insurance issued by the defendant, were delivered to the corporation of Willcox, Peck & Hughes, a domestic corporation, conducting the business of insurance brokerage at No. 3 South William street, New York city.

The defendant named in the pleadings is a foreign insurance corporation, organized under the laws of the commonwealth of Australia, with its principal office and place of business at Sydney, Australia.

The plaintiff claims that the delivery of the summons and complaint to Willcox, Peck & Hughes was effective as a service on the defendant under the provisions of subdivision 3 of section 229 of the Civil Practice Act, providing that personal service of summons upon a foreign corporation may be made by delivering a copy thereof within the state " to the cashier, a director or a managing agent of the corporation, within the state."

In the moving papers an officer of Willcox, Peck & Hughes has stated what the relations of that company were to the defendant and this statement is not challenged. The question presented is, therefore, whether upon this statement it can properly be judicially held that Willcox, Peck & Hughes were such a " managing agent."

It appears that the defendant has its principal office and place of business in the city of Sydney, Australia; that it has branch offices conducted by directors or managers in a number of cities of Australia and New Zealand and also a branch office in London, England; that it has agencies of a general character in a number of cities in Europe, Asia and Africa, and that it has what are termed " marine claim settling agencies " in the United States. It further appears that the defendant has referred to Willcox, Peck & Hughes as one of the " Marine claim settling agencies."

The nature and extent of the agency entirely control the question whether an agent is or is not a managing agent in the sense in which those words are used in the Civil Practice Act. It appears to have been uniformly held that in order to constitute an agent a " managing agent " within the terms of the act, the agent must be invested with some general powers which involve the exercise of independent judgment and discretion. The cases make a distinction between such an agent and one who acts in an inferior or dependent capacity and under the control and direction of superior authority, the latter not being considered embraced by the statute.

In the case of *Taylor* v. *G. S. P. Association,* 136 N. Y. 343, in which service was effected upon the attorney for the defendant corporation, it was held that " A managing agent must be some person invested by the corporation with general powers involving the exercise of judgment and discretion as distinguished from an ordinary agent or attorney who acts in an inferior capacity and under the direction and control of superior authority, both in regard to the extent of his duty and the manner of executing it."

The adjustment and payment of insurance claims is one of the essential and fundamental parts of defendant's business as an insurance company. It appears that the Willcox, Peck & Hughes Corporation was invested with full discretion by the defendant

with respect to the adjustment of such claims as were presented to it under defendant's policies. The Willcox, Peck & Hughes Corporation had general authority to select the surveyor to determine the merits of the claim presented and the amount due upon it. The Willcox, Peck & Hughes Corporation did not refer its decisions on such claims to the defendant, but on behalf of defendant paid the amounts so found to be due and then drew a draft on defendant for its reimbursement. In making such adjustments Willcox, Peck & Hughes is clearly exercising its discretion and is not an agent " acting under the direction and control of inferior authority either in the extent of its duty as defendant's agent or in the manner of executing it." It is apparent, therefore, that the Willcox, Peck & Hughes Corporation was the managing agent of the defendant within the meaning of the Civil Practice Act, and consequently the defendant was doing business within the state of New York, the service of the summons was proper and defendant's motion should be denied. Motion denied, with ten dollars costs.

Ordered accordingly.