J. BLAINE WORCESTER, Respondent, v. NORDYKE & MARMON COMPANY, Appellant, Impleaded with Another, Defendant.— Order denying motion to vacate and set aside the service of the summons and complaint herein upon the defendant Nordyke & Marmon Company reversed upon the law and the facts, with ten dollars costs and disbursements, and motion granted, with ten dollars costs. Reading the contracts and the affidavits, we conclude that the proof fails to establish either that the appellant is engaged in business in this State or that the defendant Marmon Automobile Company is its managing agent within the provisions of section 229 of the Civil Practice Act. (*Holzer* v. *Dodge Brothers*, 233 N. Y. 216; *Dollar Co.* v. *Canadian C. & F. Co., Limited*, 100 Misc. 564; affd., 180 App. Div. 895. See, also, Special Term opinion in Court of Appeals Record on Appeal in *Ultramar Co.* v. *Minerals Separation, Ltd.*, sustained by that court in 236 N. Y. 647.) Kelly, P. J., Jaycox, Manning, Kelby and Kapper, JJ., concur.

---

# THIRD DEPARTMENT, MAY, 1925.

CLARK N. PADDLEFORD, Appellant, *v.* INEZ ESTELLA PADDLEFORD, Respondent.

*Husband and wife — divorce — finding that defendant committed adultery and that her acts were not condoned is supported by evidence— finding that plaintiff committed adultery is not supported by evidence.·*

Appeal from a judgment of the Supreme Court in favor of the defendant, entered in the Broome county clerk's office on December 16, 1924, dismissing the complaint and supplemental complaint, and also the defendant's counterclaim on the merits.

PER CURIAM: The findings that defendant committed adultery on July 2 and 3, 1923, and that she continued to commit adultery and to live in adulterous intercourse from that time until April 1, 1924, are sustained by satisfactory evidence. The cohabitation of the parties hereto ceased September 13, 1923, and did not, therefore, establish condonation by the plaintiff of the adultery of the defendant found by the court to have been committed after that time. The finding that plaintiff committed adultery is unsupported by the evidence. Judgment should, therefore, have been rendered ' in favor of plaintiff. All concur. Judgment reversed on the law and facts, and interlocutory judgment of divorce granted plaintiff, without costs. The court disapproves the twelfth, thirteenth and fourteenth findings of fact.