ISAIAH FRANK, Respondent, v. MOSES H. HARRIS, Appellant, and VIOPAKE COMPANY, INC., Defendant.— Application granted. Undertaking in amount of judgments and costs of appeal in this court to be given and filed at time of signing of order.

ANNA V. BUDD, Appellant, v. REBECCA S. QUARITIUS, Respondent.— Order vacating service of summons and also vacating judgment entered by default affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Rich, Kapper, Hagarty and Carswell, JJ., concur.

LORETTA M. CAROLAN, Respondent, v. JOHN F. CAROLAN, Appellant.— Order granting plaintiff's motion for alimony and counsel fee affirmed, with ten dollars costs and disbursements. The question as to the sufficiency of the complaint was not raised at Special Term, and the accompanying affidavit sets out facts which would have entitled plaintiff to amend the complaint in accordance therewith if such a question had been raised, and entitles her to such an amendment at the trial. Lazansky, P. J., Rich, Kapper, Hagarty and Carswell, JJ., concur.

FRANK DEFILIPPIS, Respondent, v. T. HOGAN & SONS, INC., Appellant.— Judgment and order reversed upon the law and the facts and a new trial granted, costs to appellant to abide the event. Respondent concedes that because of the decision in Resigno v. Jarka Co., Inc. (248 N. Y. 225, 233) the judgment must be reversed. Plaintiff founds his right of action not only upon the act of Congress commonly known as the Jones Act (act of June 5, 1920, 41 Stat. chap. 250, pp. 988, 1007, § 33), but upon common-law liability. (Payne v. N. Y., S. & W. R. R. Co., 201 N. Y. 436.) Since there is no liability under the Jones Act (Resigno v. Jarka Co., Inc., supra, decided since this case was tried), the plaintiff is not estopped and precluded from proving his case under the common law, if he has one, under the allegations of his complaint. (Reed v. Davis, 249 N. Y. 35; Schenck v. State Line Telephone Co., 238 id. 308.) Lazansky, P. J., Rich, Kapper, Hagarty and Carswell, JJ., concur.

FREED-EISEMANN RADIO CORPORATION, Respondent, v. DAVIS INDUSTRIES, INCORPORATED (Appearing Specially), Appellant.— Order denying motion to vacate service of summons reversed upon the law and the facts, with ten dollars costs and disbursements, and motion granted, with ten dollars costs. The facts in the case at bar fail to indicate that defendant transacted business in this State within the meaning of the statute. (Holzer v. Dodge Brothers, 233 N. Y. 216, 221.) Lazansky, P. J., Rich, Kapper, Hagarty and Carswell, JJ., concur.

GARFIELD INVESTING CORPORATION, Appellant, v. PRESIDENT AND DIRECTORS OF MANHATTAN COMPANY, Respondent.— Order granting defendant's motion for leave to serve a supplemental answer affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Rich, Kapper, Hagarty and Carswell, JJ., concur.