## COLLINS v. ERIE R. CO.
### No. 6171.

District Court, E. D. New York.
April 11, 1934.

Louis N. Jaffe, of Brooklyn, N. Y., for plaintiff.

Davis, Polk, Wardwell, Gardiner & Reed, of New York City, for defendant.

BYERS, District Judge.

This is a motion for an order setting aside the attempted service of summons and complaint in this action, on the ground that the court has not acquired jurisdiction of the defendant.

The complaint alleges that the defendant is a New York corporation, operating a railroad as a common carrier, and doing business within the jurisdiction of this court; and that the plaintiff is the administrator of Mary G. Bouille, and was so appointed by the County Court of the County of Susquehanna in the State of Pennsylvania, where the intestate resided; that the intestate became a passenger on one of the defendant's trains in the City of Binghampton, in the State of New York, in September of 1933, and while near there, a collision occurred which resulted in her death.

The defendant has appeared specially, and objects to the jurisdiction of the court, principally on the ground that the defendant has not been served in the Eastern District.

According to the affidavits of service, the summons and complaint were served upon one Joseph Stanley, who is described as a Managing Agent of the said corporation, and upon William A. Morrison, described in the same way.

As to the latter service, the defendant's affidavits, which are not contradicted, make it quite clear that Mr. Morrison is not even in the defendant's employ, but is a representative of the Trunk Line Association of New York, and in its employ, and is not on the payroll of the defendant. Mr. Morrison is said to be the agent in charge of a Consolidated Ticket Office at 155 Pierrepont Street, in the Borough of Brooklyn.

Manifestly jurisdiction over the defendant was not acquired by service upon him.

Rakauskas v. Erie R. Co. (D. C.) 237 F. 495, is not to the contrary.

As to the service upon the defendant's subordinate in charge of its freight terminal at Wallabout in this district, there is a conflict in the affidavits as to the name of the person served, which it is impossible to reconcile.

The affidavit of service of one Barnett Shapiro, verified March 7, 1934, states that service was made by delivering a copy of the summons and complaint to and leaving the same with Joseph Stanley, Managing Agent of said corporation, and this is reasserted in an affidavit by the same process server, verified April 3, 1934, in which the averment is that the deponent went to the freight office in question on Metz Street, and that it bore a wooden sign reading "Erie Freight Station," and that the building extended to the waterfront; that inside of the dock which bordered on the waterfront side of the building a scow was anchored, labeled "2102 Erie 2102," on which were freight cars, and that there were freight trains "along the sidings of the dock"; that, after making neighborhood inquiries, he learned that shipments were made to and from different places at this building for handling by the defendant railroad company; that he went inside and found three men and asked who was in charge; the affidavit continues: "A Mr. Stanley told me that he was; and, after inquiring if he was the Managing Agent in charge and after receiving an affirmative reply, I asked for this gentleman's full name, which he told me was 'Joseph Stanley.' I then served a copy of the summons and complaint in this action upon said Joseph Stanley."

The defendant's affidavits aver that service was attempted in this action upon Mr. M. A. Rafferty at the freight station, and Mr. W. A. Morrison at the ticket office.

So far as Mr. Morrison is concerned, the matter requires no further discussion.

The affidavit of Raymond C. Randall, Superintendent of defendant's New York Terminal Division, describing Mr. M. A. Rafferty's status, sets forth that he is an ordinary freight agent in charge of the Wallabout station, performing his duties under the supervision of the said Superintendent, and is in charge of receiving and delivering freight at that station, and at times solicits freight traffic for the defendant; that he prepares and receipts bills of lading for freight, using the defendant's standard form; that he has nothing to do with the application of rates on freight shipments, although he is necessarily familiar with the tariffs prevailing. That the defendant employs a foreman who is in charge of the actual loading and unloading of freight at the said station, a chief clerk, a clerk who receives and delivers freight, and a clerk who checks freight from and to cars of the defendant, to assist Rafferty in his duties; that the latter has no authority to hire or discharge any of the other employees without the express permission of the said Superintendent. That service was attempted upon the defendant by delivery of a copy of each upon the said Rafferty.

For the purpose of this motion, it will be assumed either that the affidavit of service is mistaken in giving the name of Stanley instead of Rafferty, or that Stanley was actually served and that he is one of the subordinates to Rafferty.

It will be assumed, for the purpose of this motion, that the Erie Railroad is operating its lines within this district, although, if the decision of this motion were to depend upon that question, the subject would require careful consideration.

The applicable statute is title 28 of the U. S. Code, § 113 (28 USCA § 113), which provides in part: "When a State contains more than one district, every suit not of a local nature, in the district court thereof, against a single defendant, inhabitant of such State, must be brought in the district where he resides * * *."

The principal office of the defendant is in the Southern District, where its officers can be found, and jurisdiction over the defendant can be obtained beyond any question.

The defendant is a domestic corporation and personal service upon it must be made in accordance with the provisions of section 228 of the Civil Practice Act of the state of New York, subdivision 3 of which reads as follows:

"3. In any other case, to the president or other head of the corporation, the vice-president of the corporation, the secretary or assistant secretary, or clerk to the corporation, the cashier, the treasurer or assistant treasurer or a director or managing agent." As amended by Laws 1926, c. 200, in effect September 1 (formerly Code Civ. Proc. § 431).

Neither upon reason nor authority can it be said that Rafferty was a Managing Agent of the defendant company. The decisions of the New York courts, construing the foregoing section of the Civil Practice Act and its predecessor, make this clear.

As was said by Judge Coxe in Atlas Glass Co. v. Ball Bros. Glass Mfg. Co. (C. C.) 87 F. 418, 420, Rafferty "manages nothing. He is invested with no power requiring the exercise of judgment or discretion." That case presents more difficult facts than this, for it involved a New York corporation that had removed to another state. Here the New York corporation can be served at its principal office in the Southern District without difficulty.

The mere fact that Rafferty, or whoever received the papers, sent them to some one in authority over him, does not alter the situation. Cf. Goetz v. Interlake S. S. Co. (D. C.) 47 F.(2d) 753, at page 757.

Motion granted. Settle order on notice.