## LAURICELLA et al. v. EVENING NEWS PUB. CO.

### No. 7122.

District Court, E. D. New York.

July 13, 1936.

Matt Goldstein, of New York City, for plaintiffs.

Davis, Polk, Wardwell, Gardiner & Reed, of New York City (William C. Cannon, Francis W. Phillips, and Frederick·G. Watson, Jr., all of New York City, of counsel), for defendant.

GALSTON, District Judge.

The defendant appears specially and seeks to have set aside the service of summons and complaint made upon one Frank C. Taylor at No. 270 Madison avenue, New York City.

The action was begun in the New York Supreme Court for the County of Nassau and removed to this court on the petition of the defendant on the ground of diversity of citizenship. Two questions are presented by this motion:

1. Was the defendant, a foreign corporation, organized and existing under and by virtue of the laws of the state of New Jersey, having filed no certificate of authority to do business in the state of New York, and carrying on no part of its newspaper publishing business in this state, doing business within the state of New York?

2. Was the service upon Frank C. Taylor valid?

From the affidavits in support of the motion it appears that Taylor was employed by the defendant as an advertising salesman or solicitor. He was not an officer or director of the company, and his duties consisted only of soliciting orders for display advertising in the defendant's newspaper, the Newark Evening News. He also had routine supervision of a staff of advertising salesmen or solicitors who were employed by the defendant and who were likewise engaged in soliciting orders for display advertising from advertisers in New York City. He and his staff occupied desk space in the offices of O'Mara & Ormsbee at 270 Madison avenue, New York City. His authority was limited. He could neither employ nor discharge his assistants. He did not fix their compensation nor have anything to do with the payment thereof, nor with the payment of the rent for the desk space occupied by himself and his assistants, nor with the payment of the

charges for the telephones at his disposal. His compensation was paid directly by the Evening News Publishing Company.

The orders which were solicited and obtained were taken subject to the approval of the advertising manager ·of the newspaper at the home office in Newark, N. J. He rendered no bills nor did he make any collections for this advertising. All bills were sent from Newark, N. J., and paid at Newark, N. J., except that occasional applications were made to him or his assistants for classified advertising in the newspaper. Such advertising was subject to the approval of the advertising manager and payment. thereof was made in cash which was remitted to Newark.

The affidavit of William L. Morgan, the secretary of the defendant, shows in addition to the foregoing that the defendant had no bank account in the state of New York, conducted no meetings of directors or stockholders in this state; that any retail sales of defendant's newspapers were made, not by the defendant, but by individual distributors, such as the Union News Company, and all deliveries were made directly from its office in Newark. This affidavit also states that Taylor has no authority to enter into any contract of any nature for the defendant and has no authority to determine any question of policy.

From the affidavit of Patrick M. Feeney, advertising manager of the newspaper, it appears, in addition, that at times orders for advertising in the defendant's newspaper received from Taylor and his assistants were rejected.

The opposing affidavits disclose that a telephone operator in the office of the defendant at Newark told Louis D. Lapp, an attorney associated with plaintiff's attorney, that Taylor was the manager of the New York office and took care of all its affairs, including advertising. Not much weight can be given to this averment. The Lapp affidavit does disclose that the Newark Evening News has been listed in the directories of the New York Telephone Company since 1912; also, that in the issues of the newspaper published from 1905 on, reference is made to a New York office of the defendant. It also appears that the newspaper published its own advertisement setting forth its large volume of advertising at the foot of which appears the legend, "Frank C. Taylor,. New York local representative, 270 Madison Ave., New York."

The affidavit of Matt Goldstein, plaintiff's attorney, alleges that the defendant's newspaper enjoys a wide sale in the city of New York, but there is no allegation as to who makes such sale.

The affidavit of Barbarisi discloses that in the building directory at 270 Madison avenue there is a listing "Newark Evening News, Room 1804," and on the door of that room the legend appears, "Newark Evening News, Frank C. Taylor."

From the foregoing it would appear that the facts are not substantially in dispute except as to the hearsay matter recited in the Lapp affidavit. On the one hand, then, we have a showing of limited authority in respect to the scope of Taylor's duties and authority, and on the other hand an alleged holding out of authority to represent the defendant.

If the authorities cannot be harmonized in respect to the solution of the two questions presented by this motion, at least this much can be stated, that to determine whether the corporation was "doing business" the facts in each case must be carefully scrutinized and weighed. This was said in People's Tobacco Company, Ltd., v. American Tobacco Company, 246 U.S. 79, 38 S.Ct. 233, 235, 62 L.Ed. 587, Ann.Cas. 1918C, 537: "The question as to what constitutes the doing of business in such wise as to make the corporation subject to service of·process has been frequently discussed in the opinions of this court, and we shall enter upon no amplification of what has been said. Each case depends upon its own facts. The general rule deducible from all our decisions is that the business must be of such nature and character as to warrant the inference that the corporation has subjected itself to the local jurisdiction, and is by its duly authorized officers or agents present within the state and district where service is attempted. Philadelphia & R. R. Co. v. McKibbin, 243 U.S. 264, 37 S.Ct. 280, 61 L.Ed. 710; St. Louis Southwestern R. Co. v. Alexander, 227 U.S. 218, 226, 33 S.Ct. 245, 57 L.Ed. 486, 488, Ann.Cas. 1915B, 77."

The business of soliciting display advertising, combined with no other function than to send for approval to the defendant the orders obtained,. would hardly be a reason for concluding that a foreign corporation engaged in the business of publishing a newspaper had subjected itself to the local jurisdiction. Such must be the conclusion drawn too by comparison of

the scant authority given to Taylor with the many other matters which are properly the business of a company engaged in publishing a newspaper. He was neither a director nor an officer; he had nothing to do with the purchase of materials such as are used in the publication of a paper; nothing to do with contracts relating to machinery or, indeed, with any other equipment; nothing to do with the editorial policy; nothing to do with the gathering of news nor the publication thereof; and nothing to do with contracts in respect to any policy of the newspaper. How in such circumstances when we measure the things that he was excluded from attending to, with the limited authority vested in him, he can be said to have been constituted an agent to accept service of process in a local jurisdiction, is difficult to understand. This is said, too, with full recognition of the defendant's advertisements which referred to him as a "local representative." A "local representative" for what purpose? From the exhibits attached to the opposing affidavits it would seem that he was a local representative in respect to advertising matters. In Exhibit B, for example, just above such reference to Taylor, appears the statement: "O'Mara and Ormsbee, Inc., General Advertising Representatives, New York, Detroit, Chicago, San Francisco." Moreover, Taylor makes his office in the offices of O'Mara & Ormsbee.

In People's Tobacco Company, Ltd., v. American Tobacco Company, supra, it was said: "As to the continued practice of advertising its wares in Louisiana, and sending its soliciting agents into that State, as above detailed, the agents having no authority beyond solicitation, we think the previous decisions of this court have settled the law to be that such practices did not amount to that doing of business which subjects the corporation to the local jurisdiction for the purpose of service of process upon it. Green v. Chicago, B. & Q. R. Co., 205 U.S. 530, 27 S.Ct. 595, 51 L.Ed. 916; Philadelphia & R. R. Co. v. McKibbin, 243 U.S. 264, 268, 37 S.Ct. 280, 61 L.Ed. 710.

The plaintiff in error in that case, as the plaintiff in this case, relied upon International Harvester Co. v. Kentucky, 234 U.S. 579, 34 S.Ct. 944, 58 L.Ed. 1479. Mr. Justice Day pointed out, however, the following difference: "but in that case the facts disclosed that there was not only a continuous course of business in the solicitation of orders within the State, but there was also authority upon the part of such agents to receive payment in money, checks and drafts on behalf of the company, and to take notes payable and collectable at banks in Kentucky; these things, taken together, we held amounted to doing business within the State of Kentucky in such manner as to make the Harvester Company amenable to the process of the courts of that State."

Judge Augustus N. Hand, writing for the Circuit Court of Appeals, in Davega, Inc., v. Lincoln Furniture Mfg. Co., Inc., 29 F.(2d) 164, 166, distinguished the International Harvester v. Kentucky Case and held: "It has been definitely determined that the mere renting of an office and solicitation of business in the foreign state is insufficient to subject the corporation to service of process. W. S. Tyler Co. v. Ludlow-Saylor Wire Co., 236 U.S. 723, 35 S.Ct. 458, 59 L.Ed. 808; People's Tobacco Co. v. American Tobacco Co., 246 U.S. 79, 38 S.Ct. 233, 62 L.Ed. 587, Ann.Cas.1918C, 537."

Elevator Supplies Co., Inc. v. Wagner Mfg. Co. (D.C.) 54 F.(2d) 937, presents facts substantially identical with those disclosed herein. It was there held that such activities did not constitute the maintenance of a regular and established place of business within the meaning of 28 U.S.C. § 109 (28 U.S.C.A. § 109). Judge Bondy's order was affirmed without opinion. See, also, Holzer v. Dodge Bros., 233 N.Y. 216, 135 N.E. 268.

That Taylor was not a "managing agent" of the company within this state as defined in the New York Civil Practice Act, § 229, see Taylor v. Granite State Provident Association, 136 N.Y. 343, 32 N.E. 992, 32 Am.St.Rep. 749; Appleby v. Insurance Office of Australia, 119 Misc. 378, 196 N.Y.S. 575.

The motion to vacate and set aside the attempted service of the summons and complaint is accordingly granted.