## DIAMOND et al. v. NEW YORK, S. & W. R. CO.
### L–7384.

District Court, E. D. New York.
March 19, 1937.

Isidor Lazarus, of New York City, for plaintiffs.

Davis, Polk, Wardwell, Gardiner & Reed, of New York City, for defendant.

GALSTON, District Judge.

The defendant appearing specially for the sole purpose of the motion seeks to set aside the attempted service of summons and complaint as not in accordance with the law.

On February 10, 1937, the summons and complaint were served on one J. W. Van Cott, who it appears is the acting agent of the Consolidated Ticket Offices at 155 Pierrepont street, Brooklyn.

The defendant, a railroad company, is a foreign corporation, organized under the laws of the states of Pennsylvania and New Jersey and duly authorized to do business within the state of New York. It has a place of business at 50 Church street in the borough of Manhattan within the Southern District of New York.

Section 229 of the Civil Practice Act of the state of New York governs the personal service of summons upon a foreign corporation. It is therein provided that service must be effected by delivering a copy of the summons within the state as follows:

"1. To the president, vice-president, treasurer, assistant treasurer, secretary or assistant secretary; or, if the corporation lack either of those officers, to the officer performing corresponding functions under another name.

"2. To a person or public officer designated for the purpose pursuant to law by certificate filed in the department of state, the department of banks or department of insurance, whose designation is in force, or if a designee, other than a public officer, has died, resigned or removed from the state, to the secretary of state as provided by the general corporation law.

"3. To the cashier, a director or a managing agent of the corporation, within the state, if service cannot be effected under subdivision two of this section, or an officer of the corporation specified in subdivision one of this section, with due diligence, cannot be found within the state. (Am'd by L.1925, ch. 492, in effect April 9, 1925; L.1928, ch. 715, in effect March 28 [Code Sec. 432].)"

■ It is conceded that Van Cott, the person served, is not a person falling within subdivisions either 1 or 2 of section 229. Nor is he a cashier or director of the defendant. In consequence, the sole question to be determined is whether he was "a managing agent of the corporation" within the meaning of subdivision 3.

It clearly appears that Van Cott was not employed by the defendant; nor did he receive his salary from the defendant. The Consolidated Ticket Offices are under the jurisdiction of the Passenger Trunk Line Association of New York. Van Cott was the employee not of the defendant but of the Passenger Trunk Line Association of New York. The latter association is composed of a membership of various eastern railroads operating in New York. The Consolidated Ticket Offices, established in the city of New York, is a medium through which the traveling public can procure transportation on various railroads. These railroads contribute to the support of the Consolidated Ticket Offices in proportion to the amount of business done. All of the employees of the Consolidated Ticket Offices, including Van Cott, not only receive their salaries from the Passenger Trunk Line Association but also are under the supervision of the chairman of that association.

It nowhere appears that Van Cott is subject to the orders of the defendant. There is no proof that he had power to make contracts, except so far as the sale of a ticket may be regarded as an executed contract. He was without any authority whatsoever, so far as the record before me discloses, to engage employees for the defendant or discharge them, or to purchase materials, equipment, rent offices, allocate space, or perform any of the varied and usual functions of a "managing" agent. Van Cott was no more a "managing" agent than a mere clerk in a trade store engaged to sell commodities. Indeed, he had less authority, for tickets are sold at fixed standard rates imposed by law.

■ The plaintiff refers to many authorities relating to the powers of an agent, but I find none comparable with the utter absence of authority in the instant case. The meaning of the term "managing agent" has been construed in New York cases and it is generally held that he is one who must be shown to have been invested with some general powers involving the exercise of independent judgment and discretion. Appleby v. Insurance Office of Australia, 119 Misc. 378, 196 N.Y. S. 575; Holzer v. Dodge Bros., 233 N.Y. 216, 135 N.E. 268. See, also, Lauricella et al. v. Evening News Publishing Co. (D. C.) 15 F.Supp. 671; Goetz v. Interlake S. S. Co. (D.C.) 47 F.(2d) 753.

Almost the precise facts presented in the affidavits herein were considered by Judge Byers in Collins v. Erie Railroad Co. (D.C.) 6 F.Supp. 562. Service was made on William A. Morrison, who I believe was the predecessor of Van Cott in the Consolidated Ticket Offices, Pierrepont Street branch. Judge Byers wrote:

"As to the latter service, the defendant's affidavits, which are not contradicted, make it quite clear that Mr. Morrison is not even in the defendant's employ, but is a representative of the Trunk Line Association of New York, and in its employ, and is not on the payroll of the defendant. Mr. Morrison is said to be the agent in charge of a Consolidated Ticket Office at 155 Pierrepont Street, in the Borough of Brooklyn.

"Manifestly jurisdiction over the defendant was not acquired by service upon him."

The motion to vacate and set aside the attempted summons and complaint is accordingly granted.

■ Also it may be observed, as in Collins v. Erie Railroad Co., supra, the principal office of the defendant is in the Southern District, where its officers can be found and jurisdiction obtained. Whatever rights the plaintiff has against the defendant should be litigated in that district. Title 28, U.S.C. § 113 (28 U.S.C.A. § 113).

Settle order on notice.