Per Curiam.

The motion by defendant-appellant, a foreign corporation, should have been granted to set aside the service of the summons on the ground that it was not served on any of the corporate representatives designated for the purpose by section 229 of the Civil Practice Act. An attempt was made to serve defendant by serving a subsidiary corporation doing business in New York State on the theory that it was defendant’s managing agent. The fact that it was a subsidiary does not make it an agent of the parent company (Rosario v. Public Service Co-ordinated Transport, 270 App. Div. 169; Pagel, Horton & Co., Inc., v. Harmon Paper Company, 236 App. Div. 47), nor does the fact that its business consisted in the purchase and resale of defendant’s products (Holzer v. Dodge Brothers, 233 N. Y. 216).
The order appealed from should be reversed, with $20 costs and disbursements to the appellant, and defendant-appellant’s motion granted to vacate the service of the summons.