■ LENA CALLAN, as Administratrix of the Estate of PETER CALLAN, Deceased, and as General Administratrix of PETER CALLAN, Deceased, Respondent, v. LILLYBELLE, LTD., Appellant.— Order, entered on December 13, 1963, denying defendant-appellant's motion to vacate and set aside the service of the summons, unanimously reversed on the law and on the facts, with $20 costs and disbursements to appellant, and the motion granted, with $10 costs. The contested service is alleged to be valid as having been made upon a "managing agent" of the defendant corporation pursuant to subdivision 8 of section 228 of the Civil Practice Act. Examining the evidence adduced before the Referee in its aspect most favorable to the plaintiff and affording the statute a liberal

construction, it must however be concluded that the person served was not such a "managing agent". He had neither the responsibilities nor the authority of such a status, nor did his duties encompass the requisite elements of discretion and judgment (see *Holzer* v. *Dodge Bros.*, 233 N. Y. 216; *Barrett* v. *American Tel. & Tel. Co.*, 138 N. Y. 491; *Taylor* v. *Granite State Provident Assn.*, 136 N. Y. 343; *Baker* v. *New York Cent. R. R. Co.*, 258 App. Div. 854). Concur — Breitel, J. P., McNally, Eager, Steuer and Staley, JJ.